**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Michael Pappas*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN KLEOVOULOS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN,<br><br>Defendants. | No.: 2:25-cv-01474-MCS-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MICHAEL PAPPAS FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Mark C. Scarsi<br>Date: June 2, 2025<br>Time: 9:00 a.m.<br>Courtroom #7C |
| LIRAN TOBI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG HOU, and MARK LIN,<br><br>Defendants. | No.: 2:25-cv-01612-MCS-JC<br><br>Judge: Hon. Mark C. Scarsi |

| | |
|---|---|
| OLIVER WRONSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN,<br><br>Defendants. | No.: 2:25-cv-02058-MCS-JC<br><br>Judge: Hon. Mark C. Scarsi |

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT.................................................................................1

II.    STATEMENT OF FACTS....................................................................................3

III.   PROCEDURAL HISTORY ................................................................................5

IV.    ARGUMENT .......................................................................................................5

    A.    THE ACTIONS SHOULD BE CONSOLIDATED................................5

    B.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE...............................................................................6

       1.    The Procedure Required by the PSLRA ...........................................6

    C.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ................................................................................10

    D.    APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.......................................................................14

V.     CONCLUSION ..................................................................................................15

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002)................................................................2, 9, 10

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994)........................................................................12

*In re Drexel Burnham Lambert Group*,

960 F.2d 285 (2d Cir. 1992)........................................................................12

*In re E-Trade Financial Corp*. Securuties Litigation,

No. 07-cv-8538 (S.D.N.Y.)........................................................................14

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ................................................................11

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) ....................................................................................11

*Gurevitch v. KeyCorp, et al.*,

No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .........................................15

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998)......................................................................11

*Haung v. Acterna Corp.*,

220 F.R.D. 255 (D. Md. 2004)....................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES OF MICHAEL PAPPAS
Case Nos. 2:25-cv-01474-MCS-JC, 2:25-cv-01612-MCS-JC, & 2:25-cv-02058-MCS-JC

iv

*Hufnagle v. Rino Int'l Corp.*,

No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011)..................................................................................................................6

*Jaramillo v. Dish Network Corporation, et al.*,

No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)....................................................15

*Maiden v. Merge Techs., Inc.*,

No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........9

*Martin v. BioXcel Therapeutics, Inc. et al.*,

No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ......................................................15

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998)...........................................................................11

*In re Oxford Health Plans, Inc. Sec. Litig.*,

182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................11

*Petersen v. Stem, Inc. et. al.*,

No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023)..................................................15

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,

No. 1:23-cv-02764 (N.D. Ill. July 11, 2023)....................................................15

*Robidoux v. Celani*,

987 F.2d 931 (2d Cir. 1993)..............................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES OF MICHAEL PAPPAS
Case Nos. 2:25-cv-01474-MCS-JC, 2:25-cv-01612-MCS-JC, & 2:25-cv-02058-MCS-JC

v

*Solomon v. Peloton Interactive, Inc. et al.,*

　　No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ......................................................15

*Takeda v. Turbodyne Techs., Inc.,*

　　67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ..............................................................10

*In re Tesla Inc. Securities Litigation,*

　　No. 3:18-cv-4865 (N.D. Cal.) ...............................................................................15

*Thant v. Rain Oncology Inc. et al.,*

　　5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .............................................................15

*Thant v. Veru, Inc. et al.,*

　　No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) ......................................................15

*In re U.S. Steel Securities Litigation,*

　　No. 2:17-579-CB (W.D. Pa.) .................................................................................14

*Villanueva v. Proterra Inc. et al.,*

　　No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) .....................................................15

*Weiss v. York Hosp.,*

　　745 F.2d 786 (3d Cir. 1984).............................................................................11, 12

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................*passim*

Fed. R. Civ. P. 42(a) .........................................................................................5

## I.    PRELIMINARY STATEMENT

Presently pending before the Court are the above-captioned securities class action lawsuits (the "Actions") brought on behalf of persons and entities that purchased or otherwise acquired Semtech Corporation ("Semtech" or the "Company") securities between August 27, 2024 and February 7, 2025, inclusive (the "Class Period"). Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Hong Q. Hou ("Hou"), and Mark Lin ("Lin") (collectively, "Defendants").[1]

Movant Michael Pappas ("Movant") lost approximately $7,938.90 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (c) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing

---

[1] The Actions allege violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

---

[2] Movant's certification identifying his transactions during the Class Period and a chart detailing his losses are attached to the Declaration of Adam M. Apton, dated April 22, 2025 ("Apton Decl."), as Exhibits A, and B, respectively.

[3] The Actions exclude from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

## II.    STATEMENT OF FACTS[4]

Semtech is a semiconductor, digital systems and cloud connectivity service provider. ¶ 2. It designs, manufactures, and markets an array of products for commercial applications, the majority of which are sold into the infrastructure, high-end consumer and industrial end markets. *Id.* The Company's portfolio includes integrated circuits, modules, gateways, routers, and other specialized products, including CopperEdge products which can be used in active copper cables ("ACCs"). *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that its CopperEdge products did not meet the needs of its server rack customer or end users; (2) that, as a result, the CopperEdge products required certain rack architecture changes; (3) that, as a result of the foregoing, the Company's sales of CopperEdge products would not ramp-up during fiscal 2026; (4) that, as a result, sales of CopperEdge products would be

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Kleovoulos* Complaint") filed in the action styled *Kleovoulos v. Semtech Corporation, et. al.,* Case No. 2:25-cv-01474-MCS-JC (the "*Kleovoulos* Action"). Citations to "*Wronski* ¶ __" are to paragraphs of the Class Action Complaint (the "*Wronski* Complaint") filed in the action styled *Wronski v. Semtech Corporation, et. al.,* Case No. 2:25-cv-02058-MCS-JC (the "*Wronski* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Kleovoulos* and *Wronski* Complaints. The facts set forth in the *Kleovoulos* and *Wronski* Complaints are incorporated herein by reference.

lower-than-expected; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. "). *Id.*

Robert W. Baird & Co. cut its price target on Semtech stock from $80 to $60 on February 7, 2025, noting a slower-than-expected uptake of Semtech's active copper cables, which offer extended reach to allow for high-volume switch-to-server connections. *Wronski* ¶ 30. The brokerage also noted that it has seen muted Active Copper Cable ("ACC") benchmarking activity overall as well. *Id.*

As the market reacted to this news, Semtech shares, which had closed trading on February 6, 2025, at $60.50 per share, closed at $54.51 per share on February 7, 2025. *Wronski* ¶ 31.

After the market closed on February 7, 2025, Semtech revealed that CopperEdge sales would not "ramp-up over the course of fiscal year 2026." ¶ 3. Based on "feedback from a server rack customer" and "discussions with end users of the server rack platform," the Company would implement certain "rack architecture changes." *Id.* As a result, the Company expected CopperEdge sales to be "lower than the Company's previously disclosed floor case estimate of $50 million." *Id.*

In response to this news, Semtech's stock price declined 31%, or $16.91, to close on February 10, 2025 at $37.60 per share, on unusually heavy trading volume. ¶ 4.

MEMORANDUM OF POINTS AND AUTHORITIES OF MICHAEL PAPPAS
Case Nos. 2:25-cv-01474-MCS-JC, 2:25-cv-01612-MCS-JC, & 2:25-cv-02058-MCS-JC

4

## III.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Kleovoulos* Action against the Defendants. Plaintiff Colleen Kleovoulos ("Kleovoulos") commenced the first-filed action of February 20, 2025. On the following day, counsel acting on Kleovoulos' behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

On February 25, 2025, a substantially similar action was filed against Semtech in this Court, entitled *Tobi v. Semtech Corporation, et al.,* Case No. 2:25-cv-01612-MCS-JC (the "*Tobi* Action"). Lastly, a third action was filed against Semtech in this court on March 7, 2025, the *Wronski* Action. Movant has requested consolidation of the *Kleovoulos, Tobi,* and *Wronski* Actions.

## IV.    ARGUMENT

### A.    THE ACTIONS SHOULD BE CONSOLIDATED

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

The Actions pending before this Court are suited for consolidation. The class action complaints are all brought by purchasers of Semtech securities. The complaints allege nearly identical class periods and contain nearly identical

allegations charging Defendants with making false and misleading statements concerning the safety and commercial viability of its lead product candidates.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF-VBKx, 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and identical Defendants, warrant consolidation of the Actions.

**B.      MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE**

**1.      The Procedure Required by the PSLRA**

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file

a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a. Movant Is Willing to Serve As Class Representative

On February 21, 2025, counsel in the *Kleovoulos* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Semtech and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Kleovoulos* Action.[5]

Movant has reviewed a complaint filed in the Actions and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS

---

[5] The *Kleovoulos* Action was filed in this Court on February 20, 2025. On the following day, the Notice was published over *Business Wire*, a widely-circulated national business- oriented wire service. *See* Apton Decl., Ex. C (Press Release).

85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Semtech securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Movant: (1) purchased 300 shares of Semtech stock; (2) expended $18,450.00 on his purchases of Semtech securities; (3) retained all 300 shares of Semtech securities through the end of the Class Period; and (4) suffered a substantial loss of $7,938.90 in connection with his purchases of Semtech securities. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### C.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*,

220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel.*

*Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired Semtech securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the Class members, demonstrates that he will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for approximately ten years. *See* Apton Decl., Ex. D (Movant's Declaration in support of his motion). He resides in Dallas, Texas, and attended the Citizens Police Academy at the Harris County Sheriff's Office. *Id*. Movant is a retired police officer and currently serving as a licensed

personal protection officer (PPO) in Dallas. *Id.* Further, Movant has experience overseeing attorneys, as he has hired attorneys for estate planning matters. *Id.* Accordingly, Movant meets the adequacy requirement of Rule 23.

## D.     APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl., Ex. E (Levi & Korsinsky's firm resume, respectively). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi

& Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, this Court may be assured that in the event that Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving Levi & Korsinsky as Lead Counsel

for the Class.

Dated: April 22, 2025                    Respectfully submitted,

                                         **LEVI & KORSINSKY, LLP**

                                         */s/ Adam M. Apton*
                                         Adam M. Apton (SBN 316506)
                                         aapton@zlk.com
                                         445 South Figueroa Street, 31st Floor
                                         Los Angeles, CA 90071
                                         Tel: (213) 985-7290

                                         *Proposed Lead Counsel for Michael Pappas*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 22, 2025, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MICHAEL PAPPAS FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 22, 2025.

/s/ Adam M. Apton
Adam M. Apton

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Movant, certifies that this brief contains 3,325 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 22, 2025.

*/s/ Adam M. Apton*
Adam M. Apton
