Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff and for the Class*

*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN KLEOVOULOS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN,<br><br>Defendants. | Case No. 2:25-cv-01474-MCS-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Mark C. Scarsi<br>HEARING: June 2, 2025<br>TIME: 9:00 a.m.<br>CTRM: 7C |

[Additional caption on next page]

1

| LIRAN TOBI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG HOU, and MARK LIN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:25-cv-01612-MCS-JC<br><br>CLASS ACTION<br><br>JUDGE: Mark C. Scarsi |
| OLIVER WRONSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:25-cv-02058-MCS-JC<br><br>CLASS ACTION<br><br>JUDGE: Marc C. Scarsi |

2

## TABLE OF CONTENTS

I.   PERTINENT BACKGROUND .........................................................................5

II.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED .....................8

III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................9

  A.   Movant is Willing to Serve as Class Representative ...................................10

  B.   Movant has the Largest Financial Interest in the Action .............................10

  C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.....................................................................................................11

  D.   Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ......................................................13

IV.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ......14

V.   CONCLUSION.......................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01474-MCS-JC

# **TABLE OF AUTHORITIES**

**Cases**

*In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) ..................... 9, 10, 11, 12

*Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007)......10, 12

**Statutes**

15 U.S.C. § 78u-4 ................................................................................. passim

**Rules**

Fed. R. Civ. P. 23.................................................................................11, 12

Fed. R. Civ. P. 42.................................................................................8, 9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01474-MCS-JC

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Marc Preysch ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for all purchasers of Semtech Corporation ("Semtech" or the "Company") securities between August 27, 2024 and February 7, 2025, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On February 20, 2025, this action (the *"Kleovoulos* Action") was commenced against Defendants Semtech, Hong Q. Hou, and Mark Lin for violations under the Exchange Act with a Class Period. The following day, February 21, 2025, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the

Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

On February 25, 2025, the above-captioned related action styled as *Tobi v. Semtech Corporation, et al.,* Case No. 2:25-cv-01612-MCS-JC (the "*Tobi* Action"), was filed in this District. *Tobi,* Dkt. No. 1.

On March 7, 2025, a third related action styled as *Wronski v. Semtech Corporation, et al.,* Case No. 2:25-cv-02058-MCS-JC (the "*Wronski*" Action), was filed in this District. *Wronski,* Dkt. No. 1 ¶ 1.

Defendant Semtech purports to be a semiconductor, digital systems, and cloud connectivity service provider that designs, manufactures, and markets products for commercial applications, the majority of which are sold into the infrastructure, high-end consumer, and industrial end markets.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Semtech's CopperEdge products did not meet the needs of its server rack customer or end users and as such, required certain rack architecture changes; (2) as a result, the Company's sales of CopperEdge products would not ramp-up during fiscal 2026; (3) as a result, sales of CopperEdge products would be lower-than-expected; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were

6

materially misleading and/or lacked a reasonable basis. The *Tobi* and *Wronski* Actions add allegations that Defendants made false and/or misleading statements about Semtech's partnership with NVIDIA and/or failed to disclose NVIDIA's negative feedback about the Company's CopperEdge products.

Then on February 7, 2025, after the market closed, Semtech revealed that CopperEdge sales would not "ramp-up over the course of fiscal year 2026." Based on "feedback from a server rack customer" and "discussions with end users of the server rack platform," the Company would implement certain "rack architecture changes." As a result, the Company expected CopperEdge sales to be "lower than the Company's previously disclosed floor case estimate of $50 million."

On this news, Semtech's stock price fell $16.91, or more than 31%, from a closing price of $54.51 per share on February 7, 2025 to a closing price of $37.60 per share on the following trading day, February 10, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the dramatic decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01474-MCS-JC

## ARGUMENT

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

All of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

9

### A. Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $12,574.15 in connection with his purchases of Semtech securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01474-MCS-JC

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead

11

plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Mullen and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class;

or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has around 25 years of investing experience and holds a degree in mechanical engineering. He lives in Switzerland and works as a chief sales officer.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01474-MCS-JC

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have been actively researching the class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions. The firms have prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

14

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Rosen Law and Schall Law as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   April 22, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff and for the Class*

15

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Marc Preysch, certifies that this brief contains 2,056 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 22, 2025.

/s/ Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01474-MCS-JC

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 22, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARC PREYSCH TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 22, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

17