Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo CA 94402
(650) 781-0025
jake@blockleviton.com
*Counsel for Proposed Lead Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN KLEOVOULOS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SEMTECH CORPORATION, HONG HOU, and MARK LIN, <br><br> Defendants. | Case No. 2:25-cv-01474-MCS-JC <br><br> **NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF** <br><br> Date:          June 2, 2025 <br> Time:          9:00am <br> Courtroom:  7C <br> Judge: Hon. Mark C. Scarsci |
| LIRAN TOBI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SEMTECH CORPORATION, HONG HOU, and MARK LIN, <br><br> Defendants. | Case No. 2:25-cv-01612 |
| OLIVER WRONSKI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SEMTECH CORPORATION, HONG HOU, and MARK LIN, <br><br> Defendants. | Case No. 2:25-cv-02058 |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

I.    INTRODUCTION ............................................................................................ 2

II.   STATEMENT OF FACTS ............................................................................. 4

III.  ARGUMENT ................................................................................................. 6

  A.  The Related Actions Should Be Consolidated ........................................ 6

  B.  Mr. Collazos Is The "Most Adequate Plaintiff" And Should Be Appointed As Lead Plaintiff ................................................................................. 7

    1.  The Motion Is Timely. ........................................................................ 8

    2.  Mr. Collazos Has a Substantial Financial Interest in the Relief Sought by the Class. ..................................................................................... 8

    3.  Mr. Collazos Satisfies Rule 23. .......................................................... 9

  C.  The Court Should Approve of Mr. Collazos' Selection of Block & Leviton LLP as Lead Counsel .......................................................................... 11

IV.   CONCLUSION .............................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx,
   2020 WL 3246328 (C.D. Cal. June 11, 2020) .........................................11, 13, 14

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992)..................................................................................12

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009) ...........................................................................12

*In re Aqua Metals Sec. Litig.*, No. 17-CV-07142-HSG,
   2018 WL 4860188 (N.D. Cal. May 23, 2018) ........................................................13

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)............................................................................passim

*In re Cohen*,
   586 F.3d 703 (9th Cir. 2009)..................................................................................15

*In re GE Sec. Litig.*, No. 09 Civ.1951 (DC),
   2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..........................................................8

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021)...............................................................................passim

*Johnson v. OCZ Technology Group*, No. CV 12-05265-RS,
   2013 WL 75774 (N.D. Cal. Jan, 4, 2013) ................................................................8

*Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx),
   2011 WL 13128303 (C.D. Cal. Jan. 21, 2011) ................................................13, 14

*McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463-JLS (RNBx),
   2014 WL 12694135 (C.D. Cal. Jan. 8, 2014) .........................................................13

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW,
   2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ..........................................................9

*Thieffry v. Synchronoss Tech., Inc.*,
   No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018).........................................................16

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B).................................................................................passim

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................passim

**Rules**

Fed. R. Civ. P. 23(a)(3) ..................................................................................12

Fed. R. Civ. P. 23(a)(4) ..................................................................................12

Fed. R. Civ. P. 42(a)..................................................................................8, 9

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 2, 2025 at 9:00am, or as soon thereafter as the matter may be heard in the courtroom of the Honorable Mark C. Scarsi, in Courtroom 7C on the 7th Floor of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, putative class member Luis Collazos ("Mr. Collazos) will and hereby does move this Court pursuant to 15 U.S.C. § 77z-1(a)(3)(B), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) consolidating the three above-captioned related actions; (2) appointing Mr. Collazos as Lead Plaintiff; (3) approving of Mr. Collazos' selection of Block & Leviton LLP as Lead Counsel for the class; and (4) granting any such further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Mr. Collazos timely filed this Motion and is the "most adequate plaintiff" under the PSLRA. Specifically, Mr. Collazos believes that he has the "largest financial interest" in the relief sought by the class in this litigation and also satisfies the applicable requirements of Federal Rules of Civil

---

[1] This Motion has been filed pursuant to Section 27(a)(3)(B) of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not that proposed class member has previously filed a complaint in the underlying action. Consequently, counsel for Mr. Collazos cannot determine who the competing lead plaintiff candidates are at this time. As a result, proposed Lead Counsel has been unable to confer with opposing counsel as prescribed in C.D. Cal. Local Civil Rule 7-3, and respectfully requests that the conference requirement of Rule 7-3 be waived for this Motion.

MOTION FOR CONSOLIDATION, APPT. AS LEAD          1
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:25-cv-01474-MCS-JC

Procedure 23 because his claims are typical of other class members' claims and because he will fairly and adequately represent the interests of the class.

This Motion is made based upon the attached Memorandum of Points and Authorities, the Declaration of Jacob A. Walker (the "Walker Decl.") filed concurrently herewith, the pleadings and other filings in this litigation, and such other written or oral argument as may be permitted by the Court. Mr. Collazos respectfully requests oral argument.

WHEREFORE, Mr. Collazos respectfully requests that the Court enter an order: (1) consolidating the above-captioned related actions; (2) appointing Mr. Collazos as Lead Plaintiff pursuant to the PSLRA; (3) approving Mr. Collazos' selection of Block & Leviton LLP as Lead Counsel for the class; and (4) granting such further relief as the Court may deem just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Three class actions ("the Related Actions") have been brought in this District on behalf of all persons who purchased or otherwise acquired Semtech, Inc. ("Semtech" or the "Company") securities between August 27, 2024 to February 7, 2025 inclusive (the "Class Period"). The Related Actions seek to recover damages from Semtech and certain of its senior officers for violations of the Exchange Act. As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"). *See* § III.A., *infra.*

After consolidation, members of the putative class may move for appointment as lead plaintiff. The PSLRA creates a rebuttable presumption that the "most adequate" lead plaintiff is the movant who: (1) either files a complaint or makes a timely motion under the PSLRA's 60-day deadline; (2) asserts the largest financial

MOTION FOR CONSOLIDATION, APPT. AS LEAD          2
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:25-cv-01474-MCS-JC

interest in the litigation, and (3) otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").[2] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). "The statute expressly allows a 'group of persons' to move for appointment." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (citing 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)).

Mr. Collazos respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Mr. Collazos has timely moved for lead plaintiff appointment. Mr. Collazos lost $142,073.26 as a result of the conduct described in the Related Actions, which to his knowledge represents the largest known financial interest of any movant. *See* Walker Decl., Exs. B, C. Furthermore, Mr. Collazos readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Finally, Mr. Collazos has retained experienced and competent cousel to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. Collazos' selection of Block & Leviton LLP should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff").

---

[2] The Ninth Circuit has explained that the PSLRA appointment inquiry focuses on the typicality and adequacy requirements of Rule 23 in particular because these factors may vary from movant to movant, whereas failure to satisfy the numerosity or commonality requirement "would preclude certifying a class action at all." *In re Cavanaugh*, 306 F.3d at 730 n.5.

## II.  STATEMENT OF FACTS[3]

Semtech is a multinational semiconductor, internet systems and cloud connectivity service provider. ¶16. The Company designs, manufactures, and markets analog and mixed-signal semiconductors and advanced algorithms—hardware and software used in technology and communication systems. *Id.* Semtech is headquartered in Camarillo, California. The Company's stock trades on Nasdaq under the ticker symbol "SMTC."

Semtech's portfolio involves integrated circuits, routers, modules, and other specialized products. ¶16. It also includes CopperEdge, a suite of products used in active copper cables ("ACCs"), which transmit data over longer distances than traditional direct attach copper cables and at a lower cost than fiber optic cables. *Id.*

The Class Period begins on the day that Defendant Hou discussed Semtech's CopperEdge products during a Q2 2024 earnings call, where he emphasized that "[q]ualifications are on schedule," that "we currently estimate our annual opportunities specific to the single platform exceeds the floor case we provided last quarter," and that "Semtech's ACC opportunities extend beyond a single platform and a single customer." ¶18.

Defendant Hou continued to mislead investors during the Q3 2024 presentation in November 2024, reporting growth in the Company's infrastructure end market and predicting "incrementally higher CopperEdge contribution in Q4'25, followed by a ramp progressing through FY26." ¶20. He also noted that "Semtech's technical collaboration on CopperEdge with a number of cloud service providers and cable manufacturers has accelerated since last quarter." *Id.*

The Complaint alleges that these statements were misleading because Defendants failed to disclose to investors: (1) that its CopperEdge products did not

---

[3] The facts are taken from the Complaint for Violations of the Federal Securities Laws that was filed in the Kleovoulos action, No. 2:25-cv-01474-MCS-JC (ECF No. 1). References to "¶_" refer to paragraphs of that Complaint.

meet the needs of its server rack customer or end users; (2) that, as a result, the CopperEdge products required certain rack architecture changes; (3) that, as a result of the foregoing, the Company's sales of CopperEdge products would not ramp-up during fiscal 2026; and (4) that, as a result, sales of CopperEdge products would be lower-than-expected. ¶21.

On February 27, 2025, after the market closed, the truth was revealed when Semtech announced that CopperEdge sales would not "ramp-up over the course of fiscal year 2026," and based on "feedback from a server rack customer" and "discussions with end users of the server rack platform," the Company would implement certain "rack architecture changes." ¶22. As a result, Semetch expected CopperEdge sales to be "lower than the Company's previously disclosed floor case estimate of $50 million." *Id.* On this news, Semtech's stock price fell $16.91, or 31%, to close at $37.60 per share on February 10, 2025. ¶23.

Due to these alleged misrepresentations and omissions, Mr. Collazos and other Class members have suffered significant losses and damages. The three Related Actions have been filed in this Court asserting federal securities law claims against the Defendants who are alleged to have made and/or participated in the alleged false and misleading statements and omissions:

- *Kleovoulos v. Semtech, Inc., et al.,* No. 2:25-cv-01474-MCS-JC (filed February 20, 2025) (ECF No. 1)
- *Tobi v. Semtech, Inc., et al.,* No. 2:25-cv-01612 (filed February 25, 2025) (ECF No. 1)
- *Wronski v. Semtech, Inc., et al.,* No. 2:25-cv-02058 (filed March 7, 2025) (ECF No. 1)

The Related Actions are substantially similar. They have the same Defendants, assert similar claims based on the same or similar legal and factual allegations, and allege the same Class Period.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also id.* § 77z-1(a)(3)(B)(i) (providing for consolidation under the Securities Act). Here, the Related Actions both assert claims from the same Class Period under the same statutes on behalf of the same investors.

District Courts have discretion under Fed. R. Civ. P. 42(a) to consolidate "actions involving a common question of law or fact." *Johnson v. OCZ Technology Group*, 2013 WL 75774, at *1 (N.D. Cal. Jan, 4, 2013) (quoting Fed. R. Civ. P. 42(a)). Differences in causes of action do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ.1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different securities fraud claims against different defendants over different class periods).

The Related Actions present substantially identical factual and legal issues arising out the same alleged course of misconduct over the same Class Period. As such, consolidation under Fed. R. Civ. P. 42(a) is warranted. *See, e.g., Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007). The cases should be consolidated into the first-filed *Kleovoulos* action, No. 2:25-cv-01474-MCS-JC. Mr. Collazos proposes to file a single consolidated class action complaint under the caption *In re Semtech, Inc. Securities Litigation*, upon selection as lead plaintiff.

**B.    Mr. Collazos Is The "Most Adequate Plaintiff" And Should Be Appointed As Lead Plaintiff**

The PSLRA establishes a three-step procedure for determining a lead plaintiff in a federal securities class action lawsuit. 15 U.S.C. §§ 77z-1(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA); *Mersho*, 6 F.4th at 896 (same).

In Step One, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, April 22, 2025), any person who is a member of the proposed class or any group of such persons may apply to the Court to be appointed as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)-(B), 78u-4(a)(3)(A)-(B).

In Step Two, the District Court must determine, within 90 days after publication of the notice, "which movant is the 'most adequate plaintiff,'" or in other words the individual or group most capable of adequately representing the interests of class members. *Mersho*, 6 F.4th at 899; 15 U.S.C. § 77z-1(a)(3)(B), 78u-4(a)(3)(B). There exists a presumption under the PSLRA that the "most adequate plaintiff" is "the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729–30. "This means the district court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality." *Mersho*, 6 F.4th at 899.

After determining which movant is the presumptive lead plaintiff, the analysis moves to Step Three. At this stage, the presumption may be rebutted if another

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:25-cv-01474-MCS-JC

7

member of the putative class presents proof that that the competing movant is not capable of adequately representing the class. *Mersho*, 6 F.4th at 899.

Mr. Collazos satisfies each requirement of the PSLRA, and the Court should therefore appoint Mr. Collazos as Lead Plaintiff.

### 1.   The Motion Is Timely.

The statutorily-required notice of this action was published on February 21, 2025, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by April 22, 2025. *See* Walker Decl., Ex. A.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Collazos timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Collazos has signed a certification pursuant to the PSLRA. *See* Walker Decl., Ex. B. In his selection of Block & Leviton LLP, Mr. Collazos has also selected and retained qualified counsel to represent him and the proposed class. *See* Walker Decl., Ex. E. Accordingly, Mr. Collazos satisfies Step One of the PSLRA's lead plaintiff inquiry.

### 2.   Mr. Collazos Has a Substantial Financial Interest in the Relief Sought by the Class.

At Step Two of the lead plaintiff inquiry, the Court must determine which movant is presumptively adequate to lead the litigation. The PSLRA creates a rebuttable presumption that the lead plaintiff is the movant who represents the largest financial interest in the relief sought by the action. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit). While the PSRLA does not specify how a movant's financial interest is to be measured, Courts generally examine: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses

suffered by the plaintiffs." *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020). "Courts in the Ninth Circuit tend to employ the final method," approximate losses, using a LIFO methodology. *Id.*

Mr. Collazos incurred substantial losses during the Class Period, as evidenced by his signed certifications and loss chart. Mr. Collazos lost $142,073.26 during the Class Period. *See* Walker Decl. Exs. B, C. At the time of this filing, Mr. Collazos believe that he possesses the largest losses and therefore the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Collazos believes he is entitled to the presumption under the PSLRA that he is the most adequate lead plaintiff.

### 3. Mr. Collazos Satisfies Rule 23.

In addition to possessing a significant financial interest, to satisfy Step Two a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage of the litigation, "the Rule 23 determination should be based on only the movant's pleadings and declarations," *Mersho*, 6 F.4th at 899, and "only a preliminary showing" of typicality and adequacy is necessary. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (citing *Cavanaugh*, 306 F.3d at 729-31). Once the movant with the largest financial interest has made a "prima facie showing of adequacy and typicality," rebutting the PSLRA's presumption in favor of the movant at Step Three "requires proof that the presumptive lead plaintiff is not adequate." *Mersho*, 6 F.4th at 899.

A proposed representative meets the typicality requirement if "other [class] members have the same or similar injury . . . the action is based on conduct which is not unique to the named plaintiffs, and . . . other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The claims of Mr. Collazos are typical of the class's claims. Just as with the rest of the class, Mr. Collazos alleges that Defendants made untrue and misleading statements during the Class Period. Like all members of the class, Mr. Collazos was damaged upon the disclosure of the misrepresented facts. These shared claims arise from the same course of conduct and under the same legal theory as the class's claims, and therefore the typicality requirement of Rule 23(a)(3) is satisfied.

Adequacy under Rule 23(a)(4), meanwhile, is met where the movant and its counsel do not "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class." *Mersho*, 6 F.4th at 899–900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). As lead plaintiff, Mr. Collazos would be an adequate representative for the class. There is no evidence of antagonism or conflict between Mr. Collazos' interests and the interests of the class, and his significant losses demonstrates that he has a sufficient interest in the case's outcome to vigorously prosecute the litigation. *See Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *6 (C.D. Cal. Jan. 21, 2011) ("Analysis of [adequacy] partially mirrors the analysis of whether or not a plaintiff has a large enough financial incentive to vigorously monitor the litigation."). Mr. Collazos has also submitted a sworn certification confirming his desire, willingness, and ability to serve as lead plaintiff, *see* Walker Decl., Ex. B.

Finally, as discussed below, Mr. Collazos has selected qualified counsel, highly experienced in securities litigation. Accordingly, Mr. Collazos' common interests shared with the class, substantial financial interest in this Action, and selection of

qualified counsel demonstrates that he *prima facie* satisfy the Rule 23 inquiry at this stage of the litigation.

### C.   The Court Should Approve of Mr. Collazos' Selection of Block & Leviton LLP as Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732–35. Mr. Collazos has selected Block & Leviton LLP, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel. Walker Decl., Ex. E.

Block & Leviton LLP has substantial experience in the prosecution of shareholder and securities class actions. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation, (S.D. Tex.), In re Google Inc. Class C Shareholder Litig. (Del. Ch. Ct.), and In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774,

at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."). Accordingly, the Court should approve of Mr. Collazos' selection of Block & Leviton LLP as Lead Counsel.

## IV.    CONCLUSION

The Related Actions involve substantially the same facts, and thus are subject to consolidation. Mr. Collazos has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Collazos respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Mr. Collazos as Lead Plaintiff; (3) approve Mr. Collazos' selection of Block & Leviton LLP as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

April 22, 2025                                     Respectfully submitted,

                                                  **BLOCK & LEVITON LLP**

                                                  /s/ Jacob A. Walker
                                                  Jacob A. Walker (SBN 271217)
                                                  Jeffrey C. Block (*pro hac vice* application forthcoming)
                                                  260 Franklin Street, Suite 1860
                                                  Boston, MA 02110
                                                  (617) 398-5600  phone
                                                  (617) 507-6020  fax
                                                  jake@blockleviton.com
                                                  jeff@blockleviton.com

                                                  *Counsel to Movant Mr. Collazos and Proposed Lead Counsel*