ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COLLEEN KLEOVOULOS,, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMTECH CORPORATION, et al.,<br><br>Defendants. | Case No. 2:25-cv-01474-MCS-JC<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE: June 2, 2025<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Mark C. Scarsi<br>CTRM: 7C |

4909-9045-5097.v1

## I.  INTRODUCTION

Three related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of purchasers of Semtech Corporation ("Semtech" or the "Company") securities between August 27, 2024 and February 7, 2025, inclusive (the "Class Period").[1]  The complaints allege similar claims against defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Moayad H. Morad should be appointed lead plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Morad's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

---

[1]  The Related Actions are *Kleovoulos v. Semtech Corporation*, No. 2:25-cv-01474 (C.D. Cal. filed Feb. 20, 2025); *Tobi v. Semtech Corporation*, No. 2:25-cv-01612 (C.D. Cal. filed Feb. 25, 2025); and *Wronski v. Semtech Corporation*, No. 2:25-cv-02058 (C.D. Cal. filed Mar. 7, 2025).

- 1 -

4909-9045-5097.v1

## II.   FACTUAL BACKGROUND[2]

Based in Camarillo, California, Semtech designs, develops, manufactures, and markets analog and mixed-signal semiconductor and advanced algorithms.  Semtech's portfolio includes CopperEdge products, which can be used in active copper cables. Semtech stock trades on the NASDAQ under symbol SMTC.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Semtech's CopperEdge products did not meet the needs of its server rack customer or end users; (ii) as a result, the CopperEdge products required certain rack architecture changes; (iii) consequently, the Company's sales of CopperEdge products would not ramp-up during fiscal 2026; and (iv) as such, sales of CopperEdge products would be lower than expected.

On February 7, 2025, Semtech revealed that CopperEdge sales would not "ramp-up over the course of fiscal year 2026." ECF 1 at ¶22.  Based on "feedback from a server rack customer" and "discussions with end users of the server rack platform," Semtech would implement certain "rack architecture changes." *Id.*  As a result, the Company expected CopperEdge sales to be "lower than the Company's previously disclosed floor case estimate of $50 million." *Id.*  On this news, the price of Semtech stock fell approximately 31%. *Id.* at ¶23.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Morad and other putative class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant

---

[2]   While the Related Actions allege substantively similar facts, these allegations are based on the *Kleovoulos* complaint.  *See* ECF 1.

to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

Here, the Related Actions each assert claims on behalf of purchasers of securities during identical periods against the same defendants for alleged violations of the federal securities laws.  Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts.  There is also little or no risk of prejudice to the parties from consolidation.  *See generally Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

Accordingly, the Court should consolidate these cases.

**B.    Mr. Morad Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on February 21, 2025 via *Business Wire*.  *See* Declaration of Kenneth P. Dolitsky in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Dolitsky Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa)   has either filed the complaint or made a motion in response to a notice . . .

- 3 -

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Mr. Morad meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1.    This Motion Is Timely

The February 21, 2025 statutory notice published on *Business Wire* advised purported class members of the pendency of the first-filed action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by April 22, 2025. *See* Dolitsky Decl., Ex. A.  Because Mr. Morad's motion has been timely filed, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Morad Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Morad suffered approximately $116,517 in losses as a result of defendants' alleged misconduct.  *See* Dolitsky Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Morad satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Mr. Morad Satisfies the Rule 23 Typicality and Adequacy Requirements

Next, the Court "must then focus its attention on [the plaintiff that has the largest financial interest] and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Schwartz v. Opus Bank*, 2017 WL 5468820, at *2 (C.D. Cal. Feb. 23, 2017) (citing *Cavanaugh*, 306 F.3d at 730). "Claims are 'typical' under Rule 23 if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon*

- 4 -

*v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).  The "'adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.'"  *Id.* (citation omitted).

Mr. Morad satisfies the typicality requirement because, like all other class members, he: (1) purchased Semtech securities during the relevant time period; (2) was adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby.  Mr. Morad's substantial loss provides the requisite interest to ensure vigorous advocacy.  Moreover, Mr. Morad's interests are aligned with the putative class.  Mr. Morad has amply demonstrated his adequacy by signing a sworn Certification and Declaration stating that he is willing to serve as, and to assume the responsibilities of, class representative.  *See* Dolitsky Decl., Exs. B, D.  Finally, as explained below, Mr. Morad has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Morad filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**C.   The Court Should Approve Mr. Morad's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  In this case, Mr. Morad has selected Robbins Geller.[3]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department

---

[3]   For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  Paper copies of the Firm's resume is available upon the Court's request, if preferred.

4909-9045-5097.v1

includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

Based upon his counsel's extensive experience and proven track record in securities class actions, Mr. Morad's selection of counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated. In addition, Mr. Morad has satisfied each of the PSLRA's requirements

[4] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 6 -

4909-9045-5097.v1

for appointment as lead plaintiff.  Accordingly, Mr. Morad respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  April 22, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY


s/ Kenneth P. Dolitsky
KENNETH P. DOLITSKY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Moayad H. Morad, certifies that this brief contains 1,644 words, which complies with the word limit of L.R. 11-6.1.

DATED:  April 22, 2025

s/ Kenneth P. Dolitsky
KENNETH P. DOLITSKY

- 7 -

4909-9045-5097.v1