POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Jinkui Ma and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN KLEOVOULOS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN, <br><br> Defendants. | Case No. 2:25-cv-01474-MCS-JC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JINKUI MA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** <br><br> DATE:  June 2, 2025 <br> TIME:  9:00 a.m. <br> JUDGE:  Mark C. Scarsi <br> CTRM:  7C |

LIRAN TOBI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SEMTECH CORPORATION, HONG HOU, and MARK LIN,

Defendants.

Case No. 2:25-cv-01612-MCS-JC

OLIVER WRONSKI, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN,

Defendants.

Case No. 2:25-cv-02058-MCS-JC

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................2

II.   STATEMENT OF FACTS .........................................................................................3

III.  ARGUMENT.............................................................................................................7

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ......................................................................................7

    B.    MA SHOULD BE APPOINTED LEAD PLAINTIFF .............................8

          1.    Ma Is Willing to Serve as Class Representative .................................9

          2.    Ma Has the "Largest Financial Interest" ............................................9

          3.    Ma Otherwise Satisfies the Requirements of Rule 23 ..................... 11

          4.    Ma Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ................................. 14

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .........................................................................................14

IV.  CONCLUSION......................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................ 12

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................ 10

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .... 10

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................... 10

*In re Solar City Corp. Sec. Litig.*,
    No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ............... 12

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................... 10, 11

*Lax v. First Merchants Acceptance Corp*
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ................................ 10

*Mulligan v. Impax Lab'ys, Inc.*,
    No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013) ...................... 7

*Nicolow v. Hewlett Packard Co.*,
    No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .................. 10, 11

*Osher v. Guess?, Inc.*,
    No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) 14, 15

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .......... 7, 12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................... 13

*Tai Jan Bao v. SolarCity Corp.*,
    No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ............. 12

**Statutes**

15 U.S.C. § 78j(b) ........................................................................................... 7

15 U.S.C. § 78t(a) ........................................................................................... 7

15 U.S.C. § 78u-4 ................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................. *passim*

**Rules and Regulations**

17 C.R.F. § 240.10b-5 ..................................................................................... 7

Fed. R. Civ. P. 23 .................................................................................. *passim*

Fed. R. Civ. P. 42 .................................................................................. 1, 2, 7, 8

Movant Jinkui Ma ("Ma") respectfully submits this Memorandum of Points and Authorities in support of his motion pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Ma as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Semtech Corporation ("Semtech" or the "Company") securities between August 27, 2024 and February 7, 2025, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

---

[1] On February 20, 2025, the first-filed of the Related Actions was filed in this District, styled *Colleen Kleovoulos v. Semtech Corporation et al.*, No. 2:25-cv-01474 (the "*Kleovoulos* Action"), on behalf a class including persons and entities that purchased or otherwise acquired Semtech securities during the Class Period. *See* Dkt. No. 1 at 1 ¶ 1. On February 25, 2025, a second action alleging substantially the same wrongdoing as the *Kleovoulos* Action against the same defendants was filed in this District, styled *Liran Tobi et al. v. Semtech Corporation et al.*, No. 2:25-cv-01612 (the "*Tobi* Action"), on behalf of a more limited class of investors including all those who purchased, or otherwise acquired, Semtech common stock during the Class Period. *See Tobi* Action, Dkt. No. 1 at 2 ¶ 1. Then, on March 7, 2025, a third action alleging substantially the same wrongdoing as the *Kleovoulos* and *Tobi* Actions against the same defendants was filed in this District, styled *Oliver Wronski v. Semtech Corporation et al.*, No. 2:25-cv-02058 (the "*Wronski* Action"), on behalf of the same class alleged in the *Kleovoulos* Action. *See Wronski* Action, Dkt. No. 1 at 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the most expansive class alleged in the *Kleovoulos* and *Wronski* Actions.

## I.    PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Semtech investors, including Ma, incurred significant losses following the disclosures of the alleged fraud, which caused Semtech's share price to fall sharply, damaging Ma and other Semtech investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the Exchange Act by the same defendants arising from substantially the same alleged fraud.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   During the Class Period, Ma purchased 1,000 shares of Semtech common stock, expended $55,000 on these purchases, retained 1,000 of his shares of Semtech common stock, and as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $17,767.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A at *2.  Accordingly, Ma believes that he has the largest financial interest in the relief sought in this litigation.  Beyond his considerable

financial interest, Ma also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Ma has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Ma respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Ma as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II. STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, Semtech is a semiconductor, digital systems, and cloud connectivity service provider. Dkt. No. 1 at 1 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 2 ¶ 2; *Wronski* Action, Dkt. No. 1 at 1 ¶ 2. It designs, manufactures, and markets an array of products for commercial applications, the majority of which are sold into the infrastructure, high-end consumer, and industrial end markets. Dkt. No. 1 at 1 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 2 ¶ 2; *Wronski* Action, Dkt. No. 1 at 5 ¶ 15. The Company's portfolio includes integrated circuits, modules, gateways, routers, and other specialized products. Dkt. No. 1 at 1 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 2 ¶ 2. Its

portfolio includes CopperEdge products, which can be used in active copper cables ("ACCs").  Dkt. No. 1 at 1 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 5 ¶ 18; *Wronski* Action, Dkt. No. 1 at 2 ¶¶ 2-3.

A key development for Semtech was the Company's partnership with NVIDIA Corporation ("NVIDIA"), which propelled the Company into the center of the high-performance computing and artificial intelligence ("AI") markets.  *Wronski* Action, Dkt. No. 1 at 5 ¶ 16; *see also Tobi* Action, Dkt. No. 1 at 5-6 ¶¶ 20-21.  Semtech made inroads into AI data center networking thanks to a key content win for the Company's CopperEdge product in NVIDIA's Blackwell platform.  *Wronski* Action, Dkt. No. 1 at 5 ¶ 16; *see also Tobi* Action, Dkt. No. 1 at 5-6 ¶¶ 20-21.

During the Class Period, Defendants made repeated public representations concerning Semtech's partnership with NVIDIA and the Company's net sales from its CopperEdge products.  *Wronski* Action, Dkt. No. 1 at 1-2 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 5-6 ¶ 21.  However, these statements were materially misleading because Defendants omitted to also disclose material facts Defendants then knew concerning these matters: namely, that Semtech's CopperEdge products suffered from heating issues, which caused NVIDIA to curtail its purchases and develop its own new processing unit.  *Wronski* Action, Dkt. No. 1 at 2 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 6 ¶ 22.  These misstatements functioned to artificially inflate the market prices for Semtech shares during the Class Period.  *Wronski* Action, Dkt. No. 1 at 2 ¶ 2; *see also Tobi* Action, Dkt. No. 1 at 6 ¶ 22.

On February 7, 2025, Robert W. Baird & Co. cut its price target on Semtech stock from $80 to $60, noting a slower-than-expected uptake of Semtech's ACCs, which offer extended reach to allow for high-volume switch-to-server connections. *Wronski* Action, Dkt. No. 1 at 10 ¶ 30. The brokerage also noted that it has seen muted ACC benchmarking activity overall as well. *Id.*

On this news, Semtech shares, which had closed trading on February 6, 2025, at $60.50 per share, closed at $54.51 per share on February 7, 2025. *Id.* at 10 ¶ 31.

Then, on February 7, 2025, after the market closed, Semtech revealed that CopperEdge sales would not "ramp-up over the course of fiscal year 2026." Dkt. No. 1 at 1 ¶ 3; *Tobi* Action, Dkt. No. 1 at 3 ¶ 4; *Wronski* Action, Dkt. No. 1 at 10 ¶ 32. Based on "feedback from a server rack customer" and "discussions with end users of the server rack platform," the Company would implement certain "rack architecture changes." Dkt. No. 1 at 1 ¶ 3; *Tobi* Action, Dkt. No. 1 at 10 ¶ 30; *Wronski* Action, Dkt. No. 1 at 10-11 ¶ 32. As a result, the Company expected CopperEdge sales to be "lower than the Company's previously disclosed floor case estimate of $50 million." Dkt. No. 1 at 1 ¶ 3; *Tobi* Action, Dkt. No. 1 at 10 ¶ 30; *Wronski* Action, Dkt. No. 1 at 10 ¶ 32. Upon information and belief, Semtech cut its 2026 net sales based on feedback from NVIDIA and discussions with end users of the server rack platform. *Tobi* Action, Dkt. No. 1 at 3 ¶ 4; *see also Wronski* Action, Dkt. No. 1 at 2 ¶ 3.

On this news, Semtech's stock price fell $16.91 per share, or 31%, to close at $37.60 per share on February 10, 2025, on unusually heavy trading volume. Dkt. No. 1 at 2 ¶ 4; *see also Tobi* Action, Dkt. No. 1 at 10 ¶ 31; *Wronski* Action, Dkt. No. 1 at 11 ¶ 33.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Dkt. No. 1 at 2 ¶ 5; *see also Tobi* Action, Dkt. No. 1 at 2-3 ¶ 3; *Wronski* Action, Dkt. No. 1 at 1-2 ¶¶ 2-3. Specifically, Defendants failed to disclose to investors, *inter alia*: (1) that Semtech's CopperEdge products did not meet the needs of its server rack customer or end users; (2) that, as a result, the CopperEdge products required certain rack architecture changes; (3) that, as a result of the foregoing, the Company's sales of CopperEdge products would not ramp-up during fiscal 2026; (4) that, as a result, sales of CopperEdge products would be lower than expected; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. Dkt. No. 1 at 2 ¶ 5; *see also Tobi* Action, Dkt. No. 1 at 2-3 ¶ 3; *Wronski* Action, Dkt. No. 1 at 1-2 ¶¶ 2-3.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Ma and other Class members have suffered significant losses and damages. *See* Dkt. No. 1 at 2 ¶ 6; *Tobi* Action, Dkt. No. 1 at 3 ¶ 6; *Wronski* Action, Dkt. No. 1 at 13 ¶ 40.

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at \*2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at \*2-3 (N.D. Cal. July 2, 2013).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder, by the same Defendants arising from the public dissemination of false and misleading information to investors.

Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B.    MA SHOULD BE APPOINTED LEAD PLAINTIFF

Ma should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Ma satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     Ma Is Willing to Serve as Class Representative

On February 21, 2025, counsel for plaintiff in the first-filed of the Related Actions (*i.e.*, the *Kleovoulos* Action) caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities fraud class action lawsuit had been filed on behalf of Semtech investors, and advising investors in Semtech securities that they had 60 days from the date of the Notice's publication—*i.e.*, until April 22, 2025—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B at *2.

Ma has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C at *2-3. Accordingly, Ma satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     Ma Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial

interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Ma has the largest financial interest of any Semtech investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same). Of the *Lax* factors, courts in the Ninth Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:25-cv-01474-MCS-JC; 2:25-cv-01612-MCS-JC; 2:25-cv-02058-MCS-JC

meaning of the PSLRA. *See Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Ma: (1) purchased 1,000 shares of Semtech common stock; (2) expended $55,000 on these purchases; (3) retained 1,000 of his shares of Semtech common stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $17,767 in connection with his Class Period transactions in Semtech securities. *See* Pafiti Decl., Ex. A at *2. To the extent that Ma possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Ma Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class

certification; instead, a *prima facie* showing that the movant satisfies Rule 23's requirements is sufficient.  *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at \*3 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at \*5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at \*4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Ma's claims are typical of those of the Class.  Ma alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Semtech, or by omitting to state material facts necessary to make the statements they did make not misleading.  Ma, like other Class members, purchased Semtech securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Semtech's share price downward.  These

shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Ma is an adequate representative for the Class. Here, Ma has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C at *2-3. There is no evidence of antagonism or conflict between Ma's interests and those of the Class. In addition, Ma's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, as set forth in greater detail below, in Pomerantz, Ma has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Ma is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Ma has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D at 1-4 ¶¶ 1-7, 9-11.

### 4.    Ma Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Ma's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Ma's ability and desire to fairly and adequately represent the Class has been discussed above.  Ma is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Ma should be appointed Lead Plaintiff for the Class.

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*,

MEMORANDUM OF POINTS AND AUTHORITIES - 2:25-cv-01474-MCS-JC; 2:25-cv-01612-MCS-JC;
2:25-cv-02058-MCS-JC

14

No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher*, 2001 WL 861694, at *4 ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class.").

Here, Ma has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Pafiti Decl., Ex. E at 1-11.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.* at 1.  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States.  *See id.* at 2.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.* at 1-11.  More

recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* at 2.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Ma's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Ma's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Ma respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Ma as Lead Plaintiff for the Class; and (3) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  April 22, 2025                              Respectfully submitted,

                                                    POMERANTZ LLP

                                                    */s/ Jennifer Pafiti*
                                                    Jennifer Pafiti (SBN 282790)
                                                    1100 Glendon Avenue, 15th Floor
                                                    Los Angeles, California 90024
                                                    Telephone: (310) 405-7190
                                                    jpafiti@pomlaw.com

                                                    *Counsel for Movant Jinkui Ma and*
                                                    *Proposed Lead Counsel for the Class*

                                                    BRONSTEIN, GEWIRTZ &
                                                    GROSSMAN, LLC

Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Jinkui Ma*

CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Jinkui Ma, certifies that this brief contains 4,136 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 22, 2025.

/s/ *Jennifer Pafiti*
Jennifer Pafiti

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Jennifer Pafiti
Jennifer Pafiti