Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo CA 94402
(650) 781-0025
jake@blockleviton.com
*Counsel for Proposed Lead Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLLEEN KLEOVOULOS, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG HOU, and MARK LIN,<br><br>        Defendants. | Case No. 2:25-cv-01474-MCS-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF LUIS COLLAZOS' MOTION, AND IN OPPOSITION TO COMPETING MOTIONS, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL** |
| LIRAN TOBI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG HOU, and MARK LIN,<br><br>        Defendants. | Date:        June 2, 2025<br>Time:        9:00am<br>Courtroom: 7C<br>Judge: Hon. Mark C. Scarsi<br><br>Case No. 2:25-cv-01612 |
| OLIVER WRONSKI, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG HOU, and MARK LIN,<br><br>        Defendants. | Case No. 2:25-cv-02058 |

MEM. OF P. & A. IN FURTHER SUPPORT OF LUIS COLLAZOS' MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL NO. 2:25-cv-01474-MCS-JC

i

Luis Collazos ("Mr. Collazos") respectfully submits this memorandum of law in further support of his Motion for appointment as Lead Plaintiff, consolidation of the Related Actions, and approval of his selection of Lead Counsel, and in opposition to the competing motions filed by Jinkui Ma and Marc Presych. *See* ECF Nos. 35, 24.[1]

## I.  INTRODUCTION

Mr. Collazos has the largest financial interest in this Action.[2] He lost $142,073.26 on his investment in Semtech securities: nearly $125,000 more than that of the movant with the next greatest losses.[3] Mr. Collazos' substantial financial interest, along with his *prima facie* showing of adequacy and typicality, entitles him to the strong presumption that he is the "most adequate plaintiff" to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Accordingly, Mr. Collazos' Motion should be granted in its entirety, and the competing motions should be denied.[4]

---

[1] On April 25, 2025, Michael Pappas withdrew his Motion for Consolidation, Appointment as Lead Plainitff, and Approval of Selection of Counsel. *See* ECF No. 38. On May 6, 2025, Moayad H. Morad filed a notice of non-opposition. ECF No. 39.

[2] This case asserts claims for the violations of the federal securities laws against Semtech Corporation ("Semtech" or the "Company") and certain of its officers on behalf of a putative class of investors who purchased Semtech common stock between August 27, 2024, and February 7, 2025, inclusive (the "Class Period").

[3] The remaining movant with the greatest losses is Jinkui Ma, who lost $17,767.00. *See* ECF No. 37-1.

[4] Consolidation is not addressed herein, as all movants agree that the above captioned related actions should be consolidated.

MEM. OF P. & A. IN FURTHER SUPPORT OF LUIS COLLAZOS' MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:25-cv-01474-MCS-JC

1

## II. ARGUMENT

### A. <u>Mr. Collazos Has the Largest Financial Interest</u>

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant 1) with the largest financial interest in the relief sought by the class; and 2) who is otherwise adequate and typical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original).

Courts in this District recognize that the amount of financial loss is the most significant factor in determining financial interest. *See, e.g., Dixon v. The Honest Co., Inc.*, 2022 WL 20611227, at *3 (C.D. Cal. Jan. 26, 2022) (Scarsi, J.) (the movant who "suffered the greatest financial loss of the movants . . . has the largest financial interest in the relief sought."); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("[T]he competing motions . . . boil down to one issue: which one of them suffered the greatest financial loss.").

Mr. Collazos has suffered a total of $142,073.26 in losses, calculated using the LIFO method. *See McGee v. Am. Oriental Bioengineering, Inc.*, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012) ("[A] majority of courts employ the LIFO methodology.") (collecting cases). Indeed, Mr. Collazos' loss is 700% greater than that of the movant with the next largest claim:

Mem. of P. & A. in Further Support Of Luis Collazos' Mot. for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel No. 2:25-cv-01474-MCS-JC

2

| Movant | Loss Suffered |
|---|---|
| Luis Collazos | $142,073.26 |
| ~~Moayad H. Morad~~ | ~~$116,517.80~~ |
| Jinkui Ma | $17,767.00 |
| Marc Preysch | $12,574.15 |
| ~~Michael Pappas~~ | ~~$7,938.90~~ |

*See* ECF Nos. 29-3, 33-3, 37-1, 26-3, 22-2 (movants' loss charts). As such, Mr. Collazos indisputably has the largest financial interest in this Action.

**B. Mr. Collazos Satisfies the Requirements of Rule 23**

In addition to possessing the greatest financial interest, Mr. Collazos "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). "At the appointment stage, '[a] movant need only make a preliminary showing that the adequacy and typicality requirements are met.'" *Montag v. Volkswagen AG*, 2021 WL 3930607, at *2 (C.D. Cal. July 21, 2021) (Scarsi, J.) (quoting *Pino v. Cardone Cap., LLC*, 2020 WL 7585839, at *3 (C.D. Cal. Dec. 18, 2020)). In determining if this showing has been made, the district court "must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Cavanaugh*, 306 F.3d at 730.

Mr. Collazos clearly satisfies the requirements of Rule 23. His claims are typical of the class, and he will fairly and adequately represent its interests.

### 1. Mr. Collazos is Typical

The typicality requirement addresses whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or

MEM. OF P. & A. IN FURTHER SUPPORT OF LUIS COLLAZOS' MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL NO. 2:25-cv-01474-MCS-JC

3

similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Alperstein v. Sona Nanotech Inc.*, 2021 WL 4704710, at *3 (C.D. Cal. Mar. 16, 2021) (Scarsi, J.) (citing *McGee v. Am. Oriental Bioengineering, Inc.*, 2012 WL 12895668, at *5 (C.D. Cal. Oct. 16, 2012)) (quotations omitted).

Here, Mr. Collazos, like other class members, purchased Semtech shares at prices allegedly inflated by Defendants' misrepresentations and omissions. He bases his claims on the same legal theories as other members of the class: that Defendants' misrepresentations and omissions violated §10(b) and Rule 10b-5. *See id.* (finding movant typical where it purchased defendant's shares during the class period, alleged that defendants' false and misleading statements artificially inflated the stock prices, and alleged they were damaged by those statements). Mr. Collazos has thus made a *prima facie* showing of typicality.

### 2.  Mr. Collazos Satisfies Rule 23(a)'s Adequacy Requirement

Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The two key inquiries are (1) whether the representative and counsel have conflicts of interest with other class members and (2) whether the representative and counsel will prosecute the action vigorously on behalf of the class." *Dixon*, 2022 WL 20611227 at *4.

There are no conflicts of interest between Mr. Collazos and the other putative class members. Furthermore, Mr. Collazos has certified under penalty of perjury that he is willing to serve as a representative of the putative class and desires to achieve the best possible result in prosecuting the case. ECF No. 29-2. He has provided information about himself including where he resides, his education, background and investment experience. *See* ECF No. 29-4.  Mr.

MEM. OF P. & A. IN FURTHER SUPPORT OF LUIS COLLAZOS' MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL No. 2:25-cv-01474-MCS-JC

4

Collazos has also selected an experienced and highly qualified law firm to litigate this case on behalf of the putative class. *See* ECF No. 29-5. Finally, the significant losses he suffered "provide a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Dixon*, 2022 WL 20611227 at *4. Mr. Collazos has therefore made a preliminary showing that satisfies Rule 23's adequacy requirement.

Mr. Collazos has the largest financial interest in the relief sought by the class and has made a preliminary showing of adequacy and typicality. As such, he is the presumptive lead plaintiff. This presumption "may be rebutted only upon proof." 15 U.S.C. §78u4(a)(3)(B)(iii)(II). "Mere speculation" regarding inadequacies do not suffice. *Andrade v. Am. Apparel, Inc.*, 2011 WL 13130706, at *10 (C.D. Cal. Mar. 15, 2011) (citing *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004)); *see also Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) ("Speculative assertions . . . [are] insufficient to rebut the lead plaintiff presumption . . ."). Because Mr. Collazos believes no other competing movants can offer such proof, Mr. Collazos should be appointed Lead Plaintiff.

## III.  CONCLUSION

For the foregoing reasons, Mr. Collazos respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Mr. Collazos as Lead Plaintiff for the class in the Actions; and (3) approve Block & Leviton as Lead Counsel for the class.

May 6, 2025                                        Respectfully submitted,

                                                   **BLOCK & LEVITON LLP**

                                                   /s/ Jacob A. Walker
                                                   Jacob A. Walker (SBN 271217)

MEM. OF P. & A. IN FURTHER SUPPORT OF LUIS COLLAZOS' MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL NO. 2:25-cv-01474-MCS-JC

5

Jeffrey C. Block (*pro hac vice* application forthcoming)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
jake@blockleviton.com
jeff@blockleviton.com

*Counsel to Movant Mr. Collazos and Proposed Lead Counsel*

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Luis Collazos, certifies that this brief contains 1464 words, which complies with the word limit of L.R. 11-6.1.

May 6, 2025

/s/ Jacob A. Walker
Jacob A. Walker

MEM. OF P. & A. IN FURTHER SUPPORT OF LUIS COLLAZOS' MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL No. 2:25-cv-01474-MCS-JC

6