UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN KLEOVOULOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG Q. HOU, and MARK LIN,<br><br>Defendants. | Case Nos. 2:25-cv-01474-MCS-JC, 2:25-cv-01612-MCS-JC, and 2:25-cv-02058-MCS-JC<br><br>**ORDER GRANTING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LUIS COLLAZOS AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL (ECF NOS. 28, 31, 35)** |
| LIRAN TOBI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMTECH CORPORATION, HONG HOU, and MARK LIN,<br><br>Defendants. | |

|   |   |
|---|---|
| 1 | OLIVER WRONSKI, individually and on behalf of all others similarly situated, |
| 2 |   |
| 3 |   |
| 4 | Plaintiff, |
| 5 | v. |
| 6 | SEMTECH CORPORATION, HONG HOU, and MARK LIN, |
| 7 |   |
| 8 | Defendants. |

On February 20, 2025, Plaintiff Colleen Kleovoulos filed this securities class action individually and on behalf of others who "purchased or otherwise acquired" securities of Defendant Semtech Corporation "between August 27, 2024 and February 7, 2025, inclusive." (Kleovoulos Compl. ¶ 1, ECF No. 1.)[1] On February 25, 2025, Plaintiff Liran Tobi also filed a securities class action seeking to represent an identical class. (Tobi Compl. ¶ 1, *Liran Tobi v. Semtech Corporation*, No. 2:25-cv-01612-MCS-JC, ECF No. 1.) Then, on March 7, 2025, Plaintiff Oliver Wronski also filed a securities class action seeking to represent the same class. (Wronski Compl. ¶ 1, *Oliver Wronski v. Semtech Corporation*, No. 2:25-cv-02058-MCS-JC, ECF No. 1.) All three complaints assert claims under Sections 10 and 20 of the Securities and Exchange Act of 1934 ("Exchange Act"). (Wronski Compl. ¶ 4; Kleovoulos Compl. ¶ 7; Tobi Compl. ¶ 7.) Notice of the first-filed lawsuit was published on February 21, 2025, in *Business Wire*. (Walker Decl. Ex. A, ECF No. 29-1.)

Before the Court are three motions for consolidation, appointment as lead plaintiff, and approval of lead counsel: (1) a motion filed by Luis Collazos, (Collazos Mot., ECF No. 28); (2) a motion filed by Moayad H. Morad, (Morad Mot., ECF No. 31); and a motion filed by Jinkui Ma, (Ma Mot., ECF No. 35). Since filing his motion,

---

[1] Unless otherwise noted, all ECF citations refer to filings in the *Kleovoulos* docket.

2

Morad filed a notice of non-opposition to the other motions and conceded that "he does not appear to have the largest financial interest in this action." (Morad Notice of Non-Opp'n, ECF No. 39.) Ma also filed a notice of non-opposition to the competing motions, acknowledging that he does not have the largest financial interest in the litigation. (Ma Notice of Non-Opp'n, ECF No. 41.) Defendants Semtech Corporation, Hong Q. Hou, and Mark Lin have not filed responses to any of the motions. Collazos filed a notice that his motion is unopposed. (Collazos Notice, ECF No. 43.)

For the following reasons, the Court grants Collazos's motion and denies the other motions.

I. BACKGROUND

According to the Kleovoulos complaint, "Semtech is a semiconductor, digital systems and cloud connectivity service provider." (Kleovoulos Compl. ¶ 2.) Primarily, it manufactures and sells technical products, including CopperEdge products, which are used in active copper cables. (*Id.*) Between August 27, 2024, and February 7, 2025, Semtech allegedly made a number of public statements regarding the growth of the CopperEdge product line for the 2026 fiscal year. (*Id.* ¶¶ 17–21.) On February 7, Semtech announced that CopperEdge sales would actually be lower than expected in 2026, which resulted in Semtech's stock falling by 31% per share. (*Id.* ¶¶ 22–23.) Kleovoulos claims that Defendants knowingly misrepresented the growth of the CopperEdge product line by making materially false and/or misleading public statements. (*Id.* ¶¶ 42–56.)

II. CONSOLIDATION

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to

what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted). The Private Securities Litigation Reform Act ("PSLRA") contemplates that the Court may consolidate "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter" and requires that a court determine whether to consolidate the cases before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation of *Kleovoulos*, *Wronski*, and *Tobi* is appropriate. All three complaints name the same defendants. (Kleovoulos Compl. ¶¶ 12–15; Wronski Compl. ¶¶ 9–13; Tobi Compl. ¶¶ 12–16.) They also rely on the same broad allegations of misstatements Defendants made regarding the CopperEdge product line between August 27, 2024, and February 7, 2025. (Kleovoulos Compl. ¶¶ 17–21; Wronski Compl. ¶¶ 20–29; Tobi Compl. ¶¶ 23–29.) The complaints also all allege Defendants violated Sections 10(b) and 20(a) of the Exchange Act. (Kleovoulos Compl. ¶¶ 42–56; Wronski Compl. ¶¶ 52–66; Tobi Compl. ¶¶ 48–53.) All movants agree the cases should be consolidated, and Defendants do not oppose consolidation.

The Court therefore consolidates the cases. *See Garcia v. Banc of Cal., Inc.*, Nos. SACV 17-00118 AG (DFMx), SACV 17-00138 AG (DFMx), 2017 WL 5641123, at *1 (C.D. Cal. May 1, 2017) (consolidating putative securities class actions that had "the same or similar defendants," the same allegations, and parties that agreed the cases should be consolidated).

### III. APPOINTMENT OF LEAD PLAINTIFF

The PSLRA applies "in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It states that "the court shall consider" motions made by purported

class members and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i). The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

First, the first plaintiff to file an action must post a notice "publicizing the pendency of the action, the claims made and the purported class period." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)). The notice must be published "in a widely circulated national business-oriented publication or wire service," 15 U.S.C. § 78u-4(a)(3)(A)(i); advise members "of the pendency of the action, the claims, and the class period," *id.* § 78u-4(a)(3)(A)(i)(I); and state "that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class," *id.* § 78u-4(a)(3)(A)(i)(II). Second, the Court must select the "most adequate plaintiff," who is presumptively the movant who "has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In this inquiry, courts analyze the typicality and adequacy requirements of Rule 23(a). *In re Cavanaugh*, 306 F.3d at 730. Third, the Court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

### A. Publication

Notice is adequate. Kleovoulos filed the complaint on February 20, 2025, and her counsel filed a notice published in *Business Wire* the next day. (Walker Decl. Ex. A.) The notice explains the allegations giving rise to the claims of federal securities law violations, the class period, and that potential lead plaintiffs "may move the Court no later than 60 days from this notice." (*Id.* (emphasis removed).) The notice is proper

under the PLSRA. *See Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex), 2015 U.S. Dist. LEXIS 188276, at *17–19 (C.D. Cal. July 7, 2015) (collecting cases determining that publication in *Business Wire* provided satisfactory notice).

### B. Presumptively Most Adequate Plaintiff

Collazos filed a timely motion on April 22, 2025. (*See* Collazos Mot.) Collazos also submitted a shareholder certification and a loss chart to support his claim that he lost $142,073.26 as a result of Defendants' alleged conduct. (*Id.* at 3; Walker Decl. Ex. B, ECF No. 29-2; *id.* Ex. C, ECF No. 29-3.) Both Morad and Ma filed notices acknowledging that they did not suffer greater losses. (Morad Notice of Non-Opp'n; Ma Notice of Non-Opp'n.) Therefore, based on the record, the Court finds that Collazos suffered the greatest financial loss of the movants and has the largest financial interest in the relief sought. *See Knox*, 136 F. Supp. 3d at 1163 (observing that "the approximate losses suffered" is the factor "most determinative in identifying the plaintiff with the largest financial loss").

The Court next analyzes whether Collazos meets the "typicality and adequacy" requirements of Rule 23(a). *In re Cavanaugh*, 306 F.3d at 730. At the appointment stage, "[a] movant need only make a preliminary showing that the adequacy and typicality requirements are met." *Pino v. Cardone Cap., LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317, at *8 (C.D. Cal. Dec. 18, 2020) (internal quotation marks omitted) (collecting cases). Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Mullen v. Wells Fargo & Co.*, Nos. C 20-07674 WHA, C 20-07997 WHA, 2021 U.S. Dist. LEXIS 48402, at *10 (N.D. Cal. Mar. 15, 2021) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, Collazos purchased Semtech common stock during the relevant time period alleged in the

6

complaint, (Walker Decl. Ex. B), and asserts claims that "arise from the same course of conduct and under the same legal theory as the class's claims," (Collazos Mot. 10). Collazos meets the typicality requirement.

Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two key inquiries are (1) whether the representative and counsel have conflicts of interest with other class members and (2) whether the representative and counsel will prosecute the action vigorously on behalf of the class. *Mullen*, 2021 U.S. Dist. LEXIS 48402, at *11 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). Here, there are no apparent conflicts between Collazos and unnamed class members, and no reason to think that Collazos's interests are antagonistic to the interests of other class members based on the record before the Court. He also declares under penalty of perjury that he is willing to serve as a representative of the proposed class. (Walker Decl. Ex. B ¶ 4.) His losses provide a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Fragala*, 2015 U.S. Dist. LEXIS 188276, at *30 ("[T]he court's finding that Liu suffered the largest single loss of any plaintiff indicates that he will be an adequate class representative."). As discussed below, Collazos's counsel is apparently qualified and competent given the firm's experience as lead counsel in other securities fraud class actions. (*See* Walker Decl. Ex. E, ECF No. 29-5.) Collazos meets the adequacy requirement.

The Court concludes that Collazos is presumptively the most adequate plaintiff.

### C. Whether Other Potential Lead Plaintiffs Rebut the Presumption that Collazos Is the Most Adequate Plaintiff

No other movant contests that Collazos satisfies Rule 23's typicality and adequacy requirements. The Court deems the other movants' non-opposition to Collazos's motion as their concession that Collazos is the most adequate plaintiff. *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *1 n.2 (N.D.

Cal. May 23, 2018) (finding that a plaintiff abandoned his motion because he did not file any opposition to other parties' motions and did not "suffer[] greater losses" than the other parties).

Based on the above, Collazos is appointed as lead plaintiff.

## IV. APPROVAL OF LEAD COUNSEL

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009). Collazos selected Brock & Leviton LLP to be lead counsel. (Collazos Mot. 11–12.) Brock & Leviton LLP has significant experience in securities class actions generating large recoveries. (*Id.*; Walker Decl. Ex. E.) Therefore, Collazos made a "reasonable choice of counsel," and this Court will "defer to that choice." *Cohen*, 586 F.3d at 712.

Brock & Leviton LLP is approved as lead counsel.

## V. CONCLUSION

Collazos's motion is granted. All other pending motions are denied. The Court orders the following:

(1) Pursuant to Federal Rule of Civil Procedure 42(a), *Colleen Kleovoulos v. Semtech Corporation et al.*, No. 2:25-cv-01474-MCS-JC; *Liran Tobi v. Semtech Corporation et al.*, No. 2:25-cv-01612-MCS-JC; and *Oliver Wronski v. Semtech Corporation et al.*, No. 2:25-cv-02058-MCS-JC, are consolidated and should be captioned as:

| | |
|---|---|
| In re SEMTECH CORPORATION SECURITIES LITIGATION<br><br><br><br><br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. 2:25-cv-01474-MCS-JC<br><br>CLASS ACTION |

(2) The file in Case No. 2:25-cv-01474-MCS-JC shall constitute the master file for every action in the consolidated action. The Clerk shall file this Order in the other two actions, Nos. 2:25-cv-01612-MCS-JC and 2:25-cv-02058-MCS-JC, and administratively close those actions. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To." When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To," the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.

(3) All securities class actions on behalf of purchasers of Semtech Corporation securities arising out of the events detailed in this Order that are subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action. Nothing in the foregoing shall be

construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

(4) Luis Collazos is appointed as the lead plaintiff, and Brock & Leviton LLP is approved as lead counsel.

(5) Defendants and Collazos are ordered to meet and confer and, within seven days of entry of this order, submit by joint stipulation a proposed schedule for the pre-answer phase of this litigation, including a deadline for Collazos to file a consolidated complaint if he intends to do so. Defendants' deadline to respond to the complaint in all three actions is suspended, and a deadline for response shall be proposed in the joint stipulation.

**IT IS SO ORDERED.**

Dated: June 9, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE