Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants*
*Semtech Corporation, Hong Q. Hou,*
*Mark Lin*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SEMTECH CORPORATION SECURITIES LITIGATION,<br><br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 2:25-cv-01474-MCS-JC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>*[Filed Concurrently with Defendants Semtech Corporation, Hong Q. Hou and Mark Lin's Notice of Motion and Motion to Dismiss Consolidated Complaint; Memorandum of Points and Authorities; Declaration of Sarah Hemmendinger and [Proposed] Orders]*<br><br>Judge: Hon. Mark C. Scarsi<br>Date: September 22, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7C |

## I.     INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Semtech Corporation, Hong Q. Hou and Mark Lin ("Defendants") file this request for judicial notice of documents cited in their Motion to Dismiss the Consolidated Complaint ("CC") and the accompanying Memorandum of Points and Authorities. These documents are attached as exhibits to the concurrently-filed Declaration of Sarah Hemmendinger. Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation of reference. In the list below, we provide parenthetical designations referring to the relevant paragraphs in the CC.

By way of further description, Exhibits 2 to 14 are true and correct copies of the following:

1.     **Exhibit 2**: An article and graphic published by Nvidia entitled "Understanding Your Grace-Blackwell Systems," which is publicly available at https://docs.nvidia.com/multi-node-nvlink-systems/multi-node-tuning-guide/system.html. Defendants offer this exhibit to illustrate publicly available information regarding Nvidia's NVL36x2 rack configuration.

2.     **Exhibit 3**: An October 1, 2024 blog post by Ming-Chi Kuo entitled, "Nvidia halting development of GB200 NVL 36*2 (dual-rack 72 GPUs version); long-term AI and Nvidia trends remaining positive, but frequent product plan changes likely softening short-term trading sentiment" (¶¶ 11, 13, 22, 25, 88-90, 92, 101, 121, 123, 125, 127, 133, 135, 140, 143, 168-69), which is publicly available at https://medium.com/@mingchikuo/nvidia-halting-development-of-gb200-nvl36-2-dual-rack-72-gpus-version-long-term-ai-and-nvidia-12b78ae2ca4f. Defendants offer this exhibit for the purpose of providing context relevant to an article cited by Plaintiff.

3.     **Exhibit 4**: A January 7, 2025 *Tom Hardware's* article entitled,

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
CASE NO. 2:25-CV-01474-MCS-JC

"Nvidia says Blackwell-based servers are in full production-200 different configurations now available," which is publicly available at https://www.tomshardware.com/tech-industry/artificial-intelligence/nvidia-says-blackwell-based-servers-are-in-full-production. Defendants offer this exhibit to demonstrate the publicly available information regarding the NVL36x2 rack configuration.

4.      **Exhibit 5**: The transcript of a January 6, 2025 keynote speech Nvidia's CEO Jensen Huang delivered at CES 2025. Defendant offers this exhibit to demonstrate the publicly available information about the NVL36x2 rack configuration.

5.      **Exhibit 6**: An October 10, 2024 analyst report published by the Benchmark Company entitled "Semtech Corporation (SMTC)," (¶¶ 13-14, 92-93, 121-23). Defendants offer this exhibit for the purpose of providing context relevant to an analyst report cited by Plaintiff.

6.      **Exhibit 7**: An October 22, 2024 analyst note by Piper Sandler & Co. entitled, "Semtech Corp. (SMTC) Takeaways from Management Deep Dive on Data Center Opportunities," (¶¶ 15, 124-25). Defendants offer this exhibit for the purpose of providing context relevant to an analyst report cited by Plaintiff and demonstrating publicly available information about the NVL36x2 rack configuration.

7.      **Exhibit 8**: January 11, 2025 analyst note published by Roth Capital Partners entitled "Semtech Corp," (¶¶ 20, 110, 132-33). Defendants offer this exhibit for the purpose of providing context relevant to an analyst report cited by Plaintiff.

8.      **Exhibit 9**: A January 21, 2025 analyst report published by Needham & Co. entitled, "Semiconductors, Processors/ AI," (¶¶ 21, 112, 134-35). Defendants offer this exhibit for the purpose of providing context relevant to an analyst report

cited by Plaintiff.

9.    **Exhibit 10**: The transcript from Semtech's November 25, 2024, earnings call (¶¶ 16-17, 81, 100, 126-27, 129-31). Defendants offer this exhibit to demonstrate what Defendants said to the market about Semtech's expectations for active copper cables ("ACCs") and the company's cautionary language.

10.   **Exhibit 11**: A press release entitled *Semtech Announces Third Quarter of Fiscal Year 2025 Results*, dated November 25, 2024. Defendants offer this exhibit to demonstrate the company's cautionary language.

11.   **Exhibit 12**: Semtech's Quarterly Earnings Presentation from Q3 FY25, dated November 25, 2024. Defendants offer this exhibit to demonstrate the company's cautionary language.

12.   **Exhibit 13**: Excerpts of Semtech's 10-K filed with the SEC on March 28, 2024 for the fiscal year ended January 28, 2024. Defendants offer this exhibit to demonstrate the company's risk disclosures.

13.   **Exhibit 14**: Lion Point Capital's Form 13-F, filed with the SEC on August 14, 2024. Defendants offer this exhibit for the purpose of providing context relevant to Plaintiff's allegations related to Lion Point Capital.

## II.    ARGUMENT

### A.    Legal Standards

When "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must . . . consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The incorporation-by-reference doctrine allows the Court to consider documents referenced in the CC even if they are not physically attached as exhibits.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

Once a document is incorporated by reference, the court "may treat such a document as part of the complaint," "may assume that its contents are true for purposes of a motion to dismiss," and "can consider the entire document, not simply the portion on which plaintiffs rely." *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) (citations omitted).

In addition to the judicial doctrine of incorporation by reference, the Court may take judicial notice, pursuant to Federal Rule of Evidence 201, of any fact that is "not subject to reasonable dispute," because it is either "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents subject to judicial notice may be considered in deciding a motion to dismiss without converting the motion into one for summary judgment. *See Khoja*, 899 F.3d at 999.

### B. SEC Filings Are Subject to Judicial Notice

Exhibit 13 contains excerpts of Semtech's 10-K filing with the SEC. Exhibit 14 is Lion Point's 13-F filing with the SEC. Courts routinely take judicial notice of materials filed with the SEC, especially in securities litigation. *E.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are proper subjects of judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available") (citations omitted); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (taking

judicial notice of SEC filings); *Nguyen v. Endologix*, 2018 WL 10321880, at *1 (C.D. Cal. Sept. 6, 2018), *aff'd* 962 F.3d 405 (9th Cir. 2020) (same).

### C. Semtech's Earnings Call Transcript and Corresponding Press Release and Slide Deck are Subject to Judicial Notice

Exhibits 10-12 are the transcript of Semtech's November 25, 2024 earnings call, and the corresponding press release and earnings presentation, the accuracy of which are "not subject to reasonable dispute." *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019). Semtech's investor call transcript is judicially noticeable for the purpose of evaluating what information was available to the market. *Id.* ("earnings conference call transcripts" are appropriate subjects of judicial notice, which can be considered to determine what representations defendant made to the market); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal 2018) (taking judicial notice of earnings call transcripts); *Nguyen*, 2018 WL 10321880, at *1, n.1 (taking judicial notice of "conference call transcripts").

Likewise, Semtech's November 25, 2024 press release and earnings presentation are judicially noticeable for the purpose of determining what information was available to the market and the company's cautionary language. *See Waterford Twp. Police*, 321 F. Supp. 3d at 1143 (taking judicial notice of an investor presentation); *ScripsAmerica, Inc.*, 119 F. Supp. 3d at 1231 (taking judicial notice of press release); *Nguyen*, 2018 WL 10321880, at *1 n.1 (taking judicial notice of press releases).

The Court may also consider Exhibit 10 (the transcript of Semtech's November 25, 2024 earnings call) under the doctrine of incorporation by reference. Plaintiff relies extensively on this transcript and it forms the basis of half of the challenged statements. *E.g.*, ¶¶ 16-17, 81, 100, 126-27, 129-31. Documents are incorporated by reference "where [p]laintiffs expressly refer[] to these exhibits in

the [complaint], and rel[y] on them as sources of the allegedly fraudulent statements." *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016); *see also, e.g.*, *Callen v. Resonant Inc.*, 709 F. Supp. 3d 1021, 1025 (C.D. Cal. 2023) (incorporating by reference transcripts and presentation from earnings call). Because Plaintiff relies on and quotes the November 25, 2024 earnings call transcript as the basis of his claims, the full text of this document is appropriately before the Court. "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript." *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015); *see also Khoja*, 899 F.3d at 1002 (same).

### D. Analyst Reports are Subject to Judicial Notice

Exhibits 6-9 are analyst reports or notes about Semtech. These reports are judicially noticeable. Courts regularly take judicial notice of analyst reports to show "availability of information to the market." *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1159 (C.D. Cal. 2007) (taking judicial notice of analyst reports); *Waterford Twp. Police*, 321 F. Supp. 3d at 1141 (same).

The Court may also consider Exhibits 6-9 as they have been incorporated into the CC by reference. ¶¶ 13-15, 20-21, 92-93, 110, 112, 121-25, 132-34. Because Plaintiff relies on and extensively quotes Exhibits 6-9 as the bases of his claim, the full text of these documents is properly before the Court. *See Okla. Firefighters Pension & Ret. Sys*, 50 F. Supp. 3d at 1349; *Leapfrog*, 200 F. Supp. 3d at 993; *see also Khoja*, 899 F.3d at 1002.

### E. News Reports Are Subject to Judicial Notice

Exhibits 2-5 are publicly available news articles and a transcript of a keynote speech at an industry conference. Courts routinely take judicial notice of publicly available articles and reports to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
CASE NO. 2:25-CV-01474-MCS-JC

Cir. 2010); *ScripsAmerica, Inc.*, 119 F. Supp. 3d at 1231 ("taking judicial notice of news reports and press releases is appropriate to show 'that the market was aware of the information contained in news articles'") (quoting *Heliotrope Gen., Inc. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999)); *Wochos*, 2019 WL 1332395, at *2 (taking judicial notice of news articles); *Bodri v. GoPro*, 252 F. Supp. 3d 912, 921 (N.D. Cal. May 1, 2017) (taking judicial notice of transcripts of conference appearances).

The Court may also consider Exhibit 3 (an October 1, 2024 blog post) as it has been incorporated by reference. *See* ¶¶ 11, 13, 22, 25, 88-90, 92, 101, 121, 123, 125, 127, 133, 135, 140, 143, 168-69. Because Plaintiff heavily relies on and quotes this blog post as the basis of his claims, the full text of this post is properly before the Court. *See Khoja*, 899 F.3d at 1002.

## III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court consider Exhibits 2-14 in connection with their Motion to Dismiss.

Dated: August 11, 2025

SIDLEY AUSTIN LLP

By:*/s/ Sara B. Brody*
Sara B. Brody

*Attorneys for Defendant*
SEMTECH CORPORATION
HONG Q. HOU
MARK LIN