Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants
Semtech Corporation, Hong Q. Hou,
Mark Lin*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SEMTECH CORPORATION SECURITIES LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 2:25-cv-01474-MCS-JC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>*[Filed concurrently with Defendants Semtech Corporation, Hong Q. Hou, Mark Lin's Reply in Support of their Motion to Dismiss and Reply Declaration of Sarah Hemmendinger]*<br><br>Judge: Hon. Mark C. Scarsi<br>Date: September 22, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7C |

Defendants Semtech Corporation, Hong Q. Hou, and Mark Lin ("Defendants") file this brief for two purposes. First, to respond to Plaintiff's Opposition to Defendants' Request for Judicial Notice and Incorporation by Reference (Dkt. 59, the "Opp."). Plaintiff opposes Defendants' Request for Judicial Notice (Dkt. 55, the "RJN") with respect to Exhibits 2, 4, 5, and 14. Defendants show in this brief why Plaintiff's objections are meritless.

Second, Defendants have submitted two new exhibits in connection with the reply brief in support of their motion to dismiss, which is filed concurrently with this brief. Those exhibits are attached to the Reply Declaration of Sarah Hemmendinger. Defendants show in this brief why these exhibits are properly subject to judicial notice and have been incorporated by reference into the Consolidated Complaint ("CC").

## I.      REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Plaintiff does not dispute that the majority of the exhibits—Exhibits 3, 6-13—are either incorporated by reference to the CC or are subject to judicial notice. Opp. at 1, 11-12. As to Exhibits 2, 4, 5, and 14, however, Plaintiff argues that the Court should not consider, in whole or in part:

- Exhibit 2, a publicly available graphic published by Nvidia;
- Exhibit 4, a January 7, 2025 publicly available article published by *Tom's Hardware*;
- Exhibit 5, the transcript of a January 6, 2025 keynote speech delivered at CES 2025 by Nvidia's CEO Jensen Huang; and
- Exhibit 14, Lion Point Capital's Form 13-F, filed with the SEC on August 14, 2024.

Plaintiff further argues, focusing on an analyst report attached as Exhibit 7, that even for documents incorporated by reference or judicially noticeable, consideration of such documents should be limited to the fact of publication, not the

DEFENDANTS' REPLY ISO REQUEST
FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-01474-MCS-JC

truth of matters therein. All Plaintiff's objections are without merit.

***Exhibit 2 (Nvidia technical diagram).*** Exhibit 2 is a website published by Nvidia containing a diagram of the NVL36x2 and NVL72 configurations that are the subject of the CC. As Plaintiff acknowledges, Defendants used this exhibit in the background section of their opening brief to illustrate the technical context underlying this case. Opp. at 6. Plaintiff does not oppose this use of the graphic and agrees it is not objectionable for this purpose. *Id.* Oddly however, Plaintiff proceeds to discuss the article at length, arguing that the Court should not consider Exhibit 2 for any other purpose, including for the purpose of showing that Nvidia's "Grace-Blackwell systems could be configured in a 36x2 arrangement." Opp. at 6-7. But the purpose for which Exhibit 2 was offered is only to provide visual context for the rack configurations at issue in the CC. Despite their argument about other usage, Plaintiff does not oppose Exhibit 2 for the purpose it is offered.

***Exhibits 4-5 (news report and transcript).*** Exhibit 4 is a publicly-available news article discussing Nvidia's presentation at CES in January 2025, and Exhibit 5 is an undisputedly accurate transcript of that same presentation from an independent reporting service. Defendants offered these exhibits to show "what was in the public realm" at the time of the challenged statements. *See* RJN at 7-8.

Plaintiff urges the Court not to consider these materials, arguing that Defendants improperly seek to introduce them for the truth of their contents, rather than the fact of whether and when certain information was provided to the market. Opp. at 4-5, 7. But market availability of the information in Exhibits 4-5 is exactly the purpose for which Defendants seek to introduce these materials. Put simply, Defendants are not Nvidia. When Nvidia's CEO was speaking to the market, Defendants did not and could not know what was "true" within Nvidia as to its intentions about particular rack configurations. What was relevant to Defendants and is relevant to this case is what Nvidia was *telling the market* about its rack configuration plans. This is precisely the purpose for which Defendants offer

- 3 -

Exhibits 4-5 here: to illustrate what was publicly available within the marketplace about Nvidia's plans surrounding the NVL36x2 configuration. Courts have long accepted that this is a proper purpose. RJN at 7-8 (collecting cases).

Moreover, while Plaintiff argues that these documents should not be considered for the truth of the matters asserted within them, that is entirely appropriate here. Although in *Khoja v. Orexigen*, the Ninth Circuit cautioned against certain uses of judicial notice, "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (citing *Khoja v. Orexigen*, 899 F.3d 988, 1002 (9th Cir. 2018)). Specifically, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* (emphasis in original). Post-*Khoja*, the Ninth Circuit has observed that "[w]hen a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052, n.1 (9th Cir. 2023); *see also e.g.*, *Fisher v. Nissel*, 2022 WL 16961479, at *4 (C.D. Cal. Aug. 15 2022) ("the Court need not accept as true allegations in the [complaint] that are contradicted by matters properly subject to judicial notice").

Here, the CC repeatedly advances the conclusory and factually unsupported assertion that Nvidia "discontinued" the NVL36x2 rack configuration. *E.g.*, ¶¶ 123, 125, 127, 131, 133, 135. In this context, it is completely appropriate for the Court to consider public sources reflecting what Nvidia was, in fact, saying to the market about the NVL36x2 rack and how the market understood Nvidia's statements.

***Exhibit 14 (Lion Point 13-F).*** Exhibit 14 is Lion Point Capital's 13-F filing dated August 14, 2024. Plaintiff argues that Lion Point's 13-F should not be considered because it is irrelevant. But Plaintiff's own allegations are that as an activist investor, Lion Point sought to reduce Semtech's debt load, and that

accordingly Defendants were motivated to conduct a secondary offering at an inflated price-per-share. ¶¶ 3, 72, 146-147. Whether Lion Point actually remained a shareholder even prior to the class period (it did not), is obviously relevant to assessing Plaintiff's conclusory claims of motive.

Plaintiff further contends that the exhibit is improperly offered for the truth of its contents. Opp. at 10. In fact, Lion Point's 13-F is offered for the fact of its publication, and regardless, considering the "truth" of the filing is appropriate to contradict plaintiff's *conclusory* allegations about Lion Point. *In re Eventbrite*, 2020 WL 2042078, at *7. There is nothing exceptional about the purpose for which the 13-F was offered, and indeed courts routinely take judicial notice of SEC filings reflecting stock transactions in securities cases. *E.g.*, *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,* 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc*., 2012 WL 685344, n.4 (N.D. Cal. Mar. 2, 2012).

*Exhibit 7 (analyst report).* Plaintiff does not dispute that the Court may consider Exhibit 7, an October 22, 2024 Piper Sandler & Co. analyst note that is the source of one of the challenged statements. But Plaintiff argues that the report— which is undisputedly incorporated by reference to the CC—should not be considered "to resolve factual disputes against [Plaintiff's] well-pled allegations." Opp. at 12 (citations omitted). Defendants' purpose in offering the exhibit is to show a piece of analyst commentary about the NVL36x2 racks that appears just before a statement Plaintiff challenges as purportedly false. This is a quintessential use of incorporation by reference—which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Plaintiff further objects that the Court should not consider the "truth" of an incorporated document. Opp. at 11-12. But as *Khoja* itself explained, "it is generally true" that a court "may assume [an incorporated document's] contents are

true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d 1003 (alteration in original, internal quotation omitted).

* * *

Plaintiff finally argues that should the Court choose to consider these exhibits, the proper procedure would be to convert Defendants' 12(b)(6) motion into a motion for summary judgement and permit discovery. Opp. at 13. But the entire purpose of incorporation by reference and judicial notice is that these doctrines allow consideration of certain materials *without* converting a motion to dismiss into a motion for summary judgment. *See e.g.*, *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 & n.75 (C.D. Cal. 2015); *Khoja*, 899 F.3d at 999. Defendants have submitted a limited number of exhibits, the majority of which Plaintiff agrees are not objectionable, for the classic purpose of showing information available in the market at the time of the challenged statements. The Court should decline Plaintiff's invitation to convert to summary judgment, and can appropriately consider the exhibits on a motion to dismiss.

## II. SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

In Defendants' Reply in Support of their Motion to Dismiss, Defendants cite two additional exhibits in order to respond to points raised in Plaintiff's opposition. Reply Exhibit 1 is Semtech's 8-K, filed with the SEC on February 7, 2025 and Reply Exhibit 2 is Semtech's 8-K filed with the SEC on November 26, 2024. These exhibits are appropriately subject to judicial notice. As set forth in Defendants' RJN, courts routinely take judicial notice of SEC filings, particularly in securities cases. RJN at 5-6.

Both exhibits are also appropriately before the Court as documents incorporated by reference to the CC. Plaintiff relies on and extensively quotes the February 7, 2025 8-K submitted as Reply Exhibit 1 as a purported corrective disclosure and makes arguments about the content of this disclosure in opposing the

REPLY ISO REQUEST FOR JUDICIAL NOTICE CASE NO. 2:25-CV-01474-MCS-JC

motion to dismiss. ¶¶ 25, 116, 139, 143, 167; Opp. at 10. Defendants submit the 8-K on reply so that the Court may evaluate the full text of the disclosure.

Reply Exhibit 2 is the 8-K announcing Rockell Hankin's resignation from the Semtech Board of Directors. Plaintiff argues in his opposition brief that Hankin's resignation supports his falsity and scienter theories, and Defendants offer the full text of the 8-K announcing his resignation on reply. Opp. at 8-9; 21. In addition to being judicially noticeable, the 8-K is incorporated by reference to the CC. Plaintiff invokes Hankin's resignation throughout the CC, including referencing the specific date and alleged lack of reason given. ¶¶ 18-19, 105, 128. This information is available to Plaintiff through Semtech's publicly-filed 8-K, and Plaintiff necessarily drew upon this filing. Under such circumstances, the incorporation by reference doctrine applies. *See e.g.*, *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

Dated:  September 2, 2025                         SIDLEY AUSTIN LLP


By: */s/ Sara B. Brody*
Sara B. Brody

*Attorneys for Defendants Semtech Corporation, Hong Q. Hou, Mark Lin*

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for Semtech Corporation, Hong Q. Hou, and Mark Lin, certifies that this brief contains 1,801 words, which complies with the word limit of L.R. 11-6.1 and Rule 9(d) of the Court's Civil Standing Order.

Dated:  September 2, 2025                    SIDLEY AUSTIN LLP


By: */s/ Sara B. Brody*
     Sara B. Brody

*Attorneys for Defendants Semtech Corporation, Hong Q. Hou, Mark Lin*

REPLY ISO REQUEST FOR JUDICIAL
NOTICE CASE NO. 2:25-CV-01474-MCS-JC