Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants*
*Semtech Corporation, Hong Q. Hou*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SEMTECH CORPORATION SECURITIES LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 2:25-cv-01474-MCS-JC<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge: Hon. Mark C. Scarsi |

Defendants Semtech Corporation ("Semtech Corporation" or the "Company") and Hong Q. Hou, (together, "Defendants"), through their undersigned attorneys, hereby answer the Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"). Defendants provide this Answer subject to, and without waiving, their right to protect from disclosure all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or applicable discovery protection.

On October 8, 2025, the Court granted-in-part and denied-in-part Defendants' motion to dismiss the Complaint. Dkt. 72. The Court allowed Plaintiff to proceed with claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 with respect to two statements made by Hou during Semtech's November 25, 2024, earnings call. No response is required in this Answer with respect to any allegations pertaining to the alleged misrepresentations and omissions dismissed by the Court. *Id.* at 22.

Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint. Insofar as the section headings and subheadings of the Complaint purport to state factual allegations, Defendants deny each and every allegation in the section headings and subheadings. Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.

With regard to the unnumbered paragraph on page one of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegations about their personal knowledge or their counsel's purported investigation, including whether any such investigation may or may not have occurred and whether it relied on the documents and sources listed by Plaintiff. Defendants otherwise deny the factual allegations in the unnumbered paragraph.

1

## RESPONSE TO ALLEGATIONS

AND NOW, incorporating the foregoing, Defendants further answer the allegations in the Complaint as follows:

1.      Defendants admit that Lead Plaintiff purports to have filed a class action alleging violations of the Securities Exchange Act of 1934. Paragraph 1 otherwise characterizes Lead Plaintiff's claims, to which no response is required, or the Complaint, which speaks for itself, and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 1.

2.      Defendants admit that Semtech Corporation is a provider of high-performance semiconductors, Internet of Things ("IoT") systems, and cloud connectivity service solutions and respectfully refer the Court to Semtech's 10-K for the FY ended January 26, 2025 for a description of its business during the putative class period. Defendants further admit that Semtech targets the analog and mixed-signal sub-segments of certain end markets and participates in these markets by focusing on specific product areas within the analog and mixed-signal market, and respectfully refer the Court to Semtech's 10-K for the FY ended January 26, 2025 for a description of its business during the putative class period. Defendants admit that Semtech is headquartered in Camarillo, California and was founded in 1960. Defendants state that Semtech's common stock has traded publicly on the Nasdaq since 1995. Defendants otherwise deny the allegations in paragraph 2.

3.      Defendants admit that Semtech completed the acquisition of Sierra Wireless on January 12, 2023, and respectfully refer the Court to Semtech's 10-K for the FY ended January 28, 2023 for details on the acquisition. Defendants further admit that Semtech entered an agreement with Lion Point Capital ("Lion Point") in March 2023, and respectfully refer the Court to Semtech's March 20, 2023 8-K for details on the agreement. Defendants otherwise deny the allegations in paragraph 3.

4.      Defendants admit that in August 2022, Semtech announced the launch of its CopperEdge product portfolio for use in data center interconnects using copper cable. Defendants further admit that passive copper cables in data centers can only enable certain reaches, and that active copper cables ("ACCs") extend the copper cable reaches to allow for certain switch-to-server connections. Defendants further admit that linear equalizers in the CopperEdge portfolio are designed to enable low cost, manufacturable ACCs that can deliver reaches of up to five meters, and that this reach extension enables ACCs to service large volume data interconnects while offering low power and low latency. Defendants otherwise deny that the allegations accurately and/or completely describe copper cable capabilities. Defendants otherwise deny the allegations in paragraph 4.

5.      Paragraph 5 characterizes a March 18, 2024 Nvidia press release announcing the Nvidia Blackwell platform, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that the NVL36x2 rack configuration is a use case for Semtech's CopperEdge technology, but deny that the allegations accurately and/or completely describe CopperEdge's overall market opportunities or data center server rack configurations. Defendants otherwise deny the allegations in paragraph 5.

6.      Defendants admit that Semtech held an earnings call on June 5, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 6.

7.      Paragraph 7 characterizes Semtech's June 7, 2024 press release announcing the appointment of Dr. Hou, a member of the Semtech Board of Directors, as President and Chief Executive Officer, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Paul H. Pickle joined Semtech as its present and Chief

3

Executive Officer on June 30, 2023, and departed Semtech as announced on June 7, 2024. Defendants further admit that an agreement with Lion Point provided for the addition of two new directors, and respectfully refer the Court to Semtech's March 20, 2023 Form 8-K for its complete and accurate terms and details. Defendants otherwise deny the allegations in paragraph 7.

8. Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 8 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 8.

9. Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 9 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 9.

10. Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 10 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 10.

11. Paragraph 11 quotes from and characterizes an October 1, 2024 blog post from Ming-Chi Kuo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 11.

12. To the extent the allegations in paragraph 12 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported

4

market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 12.

13.    The allegations in paragraph 13 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 13.

14.    The allegations in paragraph 14 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 14.

15.    The allegations in paragraph 15 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 15.

16.    Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 16 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 16.

17.    Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 17 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 17.

18.    Defendants admit that Mr. Hankin served as chairman of Semtech's Board of Directors from 2006 through June 10, 2024, that Mr. Hankin had been a

5

director since 1988 and that on November 26, 2024, Mr. Hankin notified the Board of his decision to resign from the Board effective immediately, and respectfully refer the Court to Semtech's November 27, 2024 Form 8-K for the complete and accurate content and context surrounding Mr. Hankin's resignation. Defendants otherwise deny the allegations in paragraph 18.

19.    Defendants admit that on December 9, 2024, Semtech closed a secondary offering of 10,496,032 shares of its common stock, including the full exercise of the underwriters' option to purchase an additional 1, 369,047 shares of Semtech's common stock at a public offering price of $63.00 per share. Defendants further admit that the gross proceeds to the Company, before deducting the underwriting discounts and commissions and estimated offering expenses payable by the Company, were approximately $661 million. Defendants respectfully refer the Court to the Secondary Offering Documents for their complete and accurate content and context.[1] Paragraph 19 further quotes from a December 13, 2024 analyst report from Roth Capital Partners, which speaks for itself and to which Defendants respectfully refers the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 19.

20.    The allegations in paragraph 20 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 20.

---

[1] The "Secondary Offering Documents" refer to the prospectus filed with the United States Securities and Exchange Commission (the "SEC") on December 4, 2024, by Semtech (the "Prospectus") and the Form S-3 shelf registration statement filed with the SEC on December 4, 2024, by Semtech (the "Registration Statement") and all prior versions or subsequent amendments thereof, including the exhibits thereto and documents incorporated by reference. The "Secondary Offering" refers to the stock offering by Semtech made pursuant to the Offering Documents.

6

21. The allegations in paragraph 21 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 21.

22. Paragraph 22 quotes from and characterizes Semtech's February 7, 2025 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Paragraph 22 further characterizes a February 7, 2025 analyst report from Robert W. Baird & Co., which speaks for itself and to which Defendants respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 22 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 22.

23. Paragraph 23 quotes from and characterizes a February 7, 2025 analyst note from Robert W. Baird & Co., which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Robert W. Baird & Co. served as an underwriter of Semtech's December 9, 2024 offering and respectfully refer the Court to the Secondary Offering Documents for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 23.

24. To the extent the allegations in paragraph 24 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 24.

25. Paragraph 25 quotes from and characterizes Semtech's February 7, 2025 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 25.

26.    Paragraph 26 quotes from and characterizes a February 7, 2025 analyst report from the Benchmark Company, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 26.

27.    To the extent the allegations in paragraph 27 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 27.

28.    Defendants admit that on February 20, 2025, Semtech entered into a Separation and General Release Agreement with Mark P. Russell, and respectfully refer the Court to Semtech's February 24, 2025 Form 8-K for the complete and accurate content and context surrounding Mr. Russell's separation. Defendants otherwise deny the allegations in paragraph 28.

29.    To the extent the allegations in paragraph 29 consist of legal conclusions, no answer is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Lead Plaintiff's allegation that he suffered losses in connection with his trades in Semtech securities. Defendants deny that Lead Plaintiff suffered legally cognizable damages in connection with any such trades and otherwise deny the allegations in paragraph 29.

30.    To the extent that the allegations in paragraph 30 consist of legal conclusions, no response is required. Defendants admit that Lead Plaintiff purports to base jurisdiction over the subject of this action on the statutes cited in paragraph 30. Defendants otherwise deny the allegations in paragraph 30.

31.    To the extent that the allegations in paragraph 31 consist of legal conclusions, no response is required. Defendants admit that Lead Plaintiff purports to allege that this Court has personal jurisdiction over each Defendant based on the

grounds set forth in paragraph 31. Defendants otherwise deny the allegations in paragraph 31.

32.     To the extent that the allegations in paragraph 32 consist of legal conclusions, no response is required. Defendants admit that Lead Plaintiff purports to base venue on the statutes cited in paragraph 32. Defendants otherwise deny the allegations in paragraph 32.

33.     To the extent that the allegations in paragraph 33 consist of legal conclusions, no response is required. Defendants admit that Semtech used the United States mail, interstate telephone communications, and the facilities of the national securities markets. Defendants otherwise deny the allegations in paragraph 33.

34.     Defendants deny that Lead Plaintiff suffered damages as a result of conduct alleged in the Complaint and otherwise deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, except to admit that on June 9, 2025,  Luis Collazos was appointed Lead Plaintiff by order of this Court.

35.     Defendants admit that Semtech is headquartered in Camarillo, California. Defendants admit that Semtech's common stock is traded under the ticker symbol "SMTC" on the Nasdaq.

36.     Dr. Hou admits that he has served as Chief Executive Officer ("CEO") of Semtech since June 2024.

37.     Defendants state that Mark Lin was dismissed as a Defendant in this action on October 8, 2025 (Dkt. 72). To the extent the allegations in paragraph 37 are made against Mr. Lin, Defendants are not required to answer these allegations. Defendants otherwise deny the allegations in paragraph 37.

38.     Defendants state that Mark Lin was dismissed as a Defendant in this action on October 8, 2025 (Dkt. 72). To the extent the allegations in paragraph 38 are made against Mr. Lin, Defendants are not required to answer these allegations. Dr. Hou admits that, as Semtech's CEO, he was involved in the Company's business and

made statements on the Company's behalf. To the extent the allegations in paragraph 38 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 38.

39.    Defendants state that Mark Lin was dismissed as a Defendant in this action on October 8, 2025 (Dkt. 72). To the extent the allegations in paragraph 39 are made against Mr. Lin, Defendants are not required to answer these allegations. No response is otherwise required to the definitional assertion in paragraph 39. Defendants otherwise deny the allegations in paragraph 39.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may have conducted, including any interviews Lead Plaintiff's counsel may have conducted with FE 1. Defendants admit that Mohan Maheswaran was CEO of Semtech from April 2006 to June 2023. Defendants otherwise deny the allegations in paragraph 40.

41.    Defendants admit that Semtech Corporation is a provider of high-performance semiconductors, IoT systems, and cloud connectivity service solutions, and respectfully refer the Court to Semtech's Form 10-K for the FY ended January 26, 2025 for a description of its business and reportable operating segments during the putative class period. Defendants otherwise deny the allegations in paragraph 41.

42.    Defendants admit that Semtech's Signal Integrity segment includes optical and copper data communications and video transport products used in a wide variety of infrastructure and industrial applications, and respectfully refer the Court to Semtech's Form 10-K for the FY ended January 26, 2025 for a description of its Signal Integrity business during the putative class period. Defendants otherwise deny the allegations in paragraph 42.

43.    Defendants admit that Semtech's Analog Mixed Signal and Wireless segment includes the development and manufacture of high-performance protection devices, often referred to as transient voltage suppressors ("TVS"), and specialized

10

sensing products that provide protection for electronic systems, and respectfully refer the Court to Semtech's Form 10-K for the FY ended January 26, 2025 for a description of its Analog Mixed Signal and Wireless business during the putative class period. Defendants otherwise deny the allegations in paragraph 43.

44.    Defendants admit that Semtech's IoT Systems and IoT Connected Services segments include a portfolio of IoT solutions, such as modules, gateways, routers, and connected services, that enable businesses to connect and manage devices, collect and analyze data, and improve decision-making, and respectfully refer the Court to Semtech's Form 10-K for the FY ended January 26, 2025 for a description of its IoT Systems and IoT Connect Services businesses. Defendants otherwise deny the allegations in paragraph 44.

45.    Paragraph 45 characterizes Semtech's August 23, 2022 press release announcing the launch of its CopperEdge product portfolio within its Signal Integrity segment, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 45.

46.    Defendants admit that passive copper cables in data centers can only enable certain reaches, and that active copper cables ("ACCs") extend the copper cable reaches to allow for certain switch-to-server connections. Defendants further admit that linear equalizers in the CopperEdge portfolio are designed to enable low cost, manufacturable ACCs that can deliver reaches of up to five meters, and that this reach extension enables ACCs to service large volume data interconnects while offering low power and low latency. Defendants otherwise deny that the allegations accurately and/or completely describe copper cable capabilities or performance characteristics. Defendants further deny the remaining allegations in paragraph 46.

47.    Defendants admit that direct attach copper ("DAC") cables are passive copper cables, which can enable certain reaches in a data center. Defendants otherwise deny that the allegations accurately and/or completely describe DAC capabilities or

11

performance characteristics. Defendants further deny the remaining allegations in paragraph 47.

48.    Defendants admit that ACCs are copper cables that include embedded electronics, such as a linear equalizer, that extend the copper cable reaches to allow for certain switch-to-server connections. Defendants further admit that Semtech's CopperEdge GN8112 is a linear equalizer designed to enable ACCs. Defendants otherwise deny that the allegations accurately and/or completely describe ACC capabilities or performance characteristics. Defendants further deny the remaining allegations in paragraph 48.

49.    Defendants admit that fiber optic cables transmit data and can be used in data centers. Defendants otherwise deny that the allegations accurately and/or completely describe the characteristics or capabilities of copper and fiber optic cables. Defendants further deny the remaining allegations in paragraph 49.

50.    Defendants admit that fiber optic cables transmit data can be used in data centers. Defendants otherwise deny that the allegations accurately and/or completely describe the respective roles or capabilities of copper and fiber optic cables in data center networks. Defendants further deny the remaining allegations in paragraph 50.

51.    Defendants admit that ACCs extend the copper cable reaches to allow for certain switch-to-server connections. Defendants further admit that linear equalizers in the CopperEdge portfolio are designed to enable low cost, manufacturable ACCs that can deliver reaches of up to five meters, and that this reach extension enables ACCs to service large volume data interconnects while offering low power and low latency. Defendants otherwise deny that the allegations accurately and/or completely describe the roles, uses, or capabilities of copper, fiber optic, or active copper cable technologies. Defendants further deny the remaining allegations in paragraph 51.

52.    Defendants admit that Semtech held an earnings call on June 5, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually

12

said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 52.

53.    Defendants admit that Semtech held an earnings call on June 5, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 53.

54.    Paragraph 54 characterizes a March 18, 2024 Nvidia press release, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 54.

55.    Defendants admit that Nvidia offers multiple GB200 reference architectures. Defendants otherwise deny the allegations in paragraph 55.

56.    Defendants admit that the NVL72 is a single-rack system in which all GPUs are housed within one rack. Defendants admit that the NVL36x2 rack configuration is a two-rack design and is a use case for Semtech's CopperEdge technology, but deny that the allegations accurately and/or completely describe CopperEdge's overall market opportunities or data center server rack configurations. Defendants otherwise deny that the allegations accurately and/or completely describe the configurations, technical distinctions, or signaling requirements of the Nvidia NVL72 and NVL36x2 systems, or the capabilities and applications of Semtech's CopperEdge products. Defendants otherwise deny the allegations in paragraph 56.

57.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Lead Plaintiffs' allegations regarding Nvidia's product specifications. Defendants otherwise deny that the allegations accurately and/or completely describe the configurations, power usage, or cooling requirements of the Nvidia NVL72 and NVL36x2 systems, and otherwise deny the allegations in paragraph 57.

58. Defendants admit that Semtech held an earnings call on June 5, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 58.

59. Paragraph 59 characterizes Semtech's August 2, 2022 press release announcing the Sierra Wireless acquisition, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Semtech completed the acquisition of Sierra Wireless on January 12, 2023, and that Semtech acquired Sierra Wireless's outstanding shares in an all-cash transaction representing a total enterprise value of approximately $1.2 billion, and respectfully refer the Court to Semtech's 10-K for the FY ended January 29, 2023 for details on the acquisition. Defendants respectfully refer the Court to publicly reported market services for federal interest rates. Defendants otherwise deny the allegations in paragraph 59.

60. Defendants admit that Sierra Wireless was a IoT solutions provider, and respectfully refer the Court to Semtech's January 12, 2023 Form 8-K for a description of Sierra Wireless's business. Defendants further state that IoT devices generally connect to networks to transmit or receive data. Defendants otherwise deny the allegations in paragraph 60.

61. Defendants admit that Sierra Wireless's business included modules, gateways and managed connectivity services. Defendants deny knowledge or information sufficient to form a belief as to what unidentified market commentators purportedly noted and therefore deny those allegations. Defendants further state that the acquisition brought together two technologies for LoRa and cellular to create a comprehensive chip-to-Cloud platform, and respectfully refer the Court to Semtech's January 12, 2023 Form 8-K for a description of Sierra Wireless's business. Defendants otherwise deny the allegations in paragraph 61.

14

62.    Paragraph 62 quotes from and characterizes Semtech's August 2, 2022 press release announcing the Sierra Wireless acquisition, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 62.

63.    Paragraph 63 quotes from and characterizes an August 3, 2022, analyst report from N. Quinn Bolton of Needham & Co, and an August 1, 2022, analyst report from Scott W. Searle of Roth Capital Partners, which speak for themselves and to which Defendants respectfully refer the Court for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 63.

64.    Paragraph 64 quotes from and characterizes an August 3, 2022, analyst report from N. Quinn Bolton of Needham & Co., which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 64.

65.    Paragraph 65 quotes from and characterizes an August 2, 2022, analyst report from Gary Mobley of Wells Fargo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 65.

66.    To the extent the allegations in paragraph 66 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 66.

67.    Paragraph 67 quotes from and characterizes a January 20, 2023 analyst report from Kevin Young of CFRA Research, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Semtech announced the completion of its acquisition of Sierra Wireless on January 12, 2023. Defendants otherwise deny the allegations in paragraph 67.

ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 2:25-CV-01474-MCS-JC

68.    Paragraph 68 characterizes Semtech's February 24, 2023 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 68.

69.    To the extent the allegations in paragraph 69 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 69.

70.    Paragraph 70 characterizes Semtech's March 20, 2023 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 70 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 70.

71.    Paragraph 71 characterizes Semtech's June 7, 2023 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 71.

72.    Defendants admit that Semtech held an earnings call on September 13, 2023, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants admit that Paul Pickle became CEO of Semtech in June 2023. Defendants otherwise deny the allegations in paragraph 72.

73.    Paragraph 73 characterizes Semtech's October 19, 2023 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 73.

74.    Paragraph 74 characterizes Semtech's October 20, 2023 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Paragraph 74 also quotes from an October

20, 2023 analyst report from N. Quinn Bolton of Needham & Company, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 74.

75.    Defendants admit that Semtech held an earnings call on December 8, 2023, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 75 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 75.

76.    Paragraph 76 characterizes Semtech's Form 10-K for the FY ended January 29, 2023, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 76.

77.    Defendants admit that Semtech held an earnings call on December 8, 2023, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 77 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 77.

78.    Defendants admit that Semtech held an earnings call on June 5, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 78 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 78.

79.    Paragraph 79 quotes from and characterizes Semtech's June 7, 2024 press release announcing the appointment of Dr. Hou as President and Chief Executive Officer, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 79.

80.     Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 80 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 80.

81.     Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 81 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 81.

82.     Paragraph 82 quotes from and characterizes Semtech's December 4, 2024 and December 5, 2024 press releases, which speak for themselves and to which Defendants respectfully refer the Court for their complete and accurate content and context. Defendants admit that on December 9, 2024, Semtech closed a Secondary Offering of 10,496,032 shares of its common stock, including the full exercise of the underwriters' option to purchase an additional 1,369,047 shares of Semtech's common stock at a public offering price of $63.00 per share. Defendants otherwise deny the allegations in paragraph 82.

83.     Defendants admit that on March 4, 2025, Semtech presented at the Morgan Stanley TMT Conference and state the third parties provide transcripts from such presentations. Defendants deny the allegations in paragraph 83 to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 83.

84.     Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 84 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 84.

85. Defendants admit that Semtech's CopperEdge GN8112 is a linear equalizer designed to enable ACCs. Defendants otherwise deny that the allegations in paragraph 85 accurately and/or completely describe the configurations, capabilities, or uses of Semtech's CopperEdge products. Defendants otherwise deny the allegations in paragraph 85.

86. Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 86 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 86.

87. Defendants admit that Semtech held an earnings call on August 27, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 87 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Paragraph 87 also characterizes a March 18, 2024 press release from Nvidia, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Paragraph 87 further characterizes a March 18, 2024 press release from Oracle Corporation which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 87.

88. Paragraph 88 quotes from and characterizes a October 1, 2024 blog post by Ming-Chi Kuo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 88.

89. Paragraph 89 quotes from and characterizes a October 1, 2024 blog post by Ming-Chi Kuo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 89.

90.    Paragraph 90 quotes from and characterizes a October 1, 2024 blog post by Ming-Chi Kuo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 90.

91.    To the extent the allegations in paragraph 91 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech stock. Defendants otherwise deny the allegations in paragraph 91.

92.    The allegations in paragraph 92 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 92.

93.    Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 93.

94.    Defendants admit that the Open Compute Project held its 2024 Global Summit beginning on October 15, 2024. Defendants lack knowledge or information sufficient to form a belief as to the number of registrants or the number of organizations represented and therefore deny those allegations. Paragraph 94 also further characterizes an October 15, 2024 press release from Nvidia, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 94.

95.    Paragraph 95 quotes from and characterizes an October 16, 2024 analyst report from Jeffries LLC, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 95.

96.    Paragraph 96 quotes from and characterizes a October 18, 2024 report from J.P. Morgan analyst Samik Chatterjee, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 96.

97.    Paragraph 97 quotes from and characterizes a October 17, 2024 blog post by Ming-Chi Kuo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 97.

98.    Paragraph 98 quotes from and characterizes a November 19, 2024 blog post by Microsoft Corporation, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 98.

99.    Paragraph 99 quotes from and characterizes Semtech's November 25, 2024 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 99

100.    Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 100.

101.    Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 101.

102.    Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny

21

the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 102.

103.   Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 103.

104.   Paragraph 104 quotes from and characterizes an October 15, 2024 press release from Meta Platforms, Inc., which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 104.

105.   Defendants admit that Mr. Hankin served as chairman of Semtech's Board of Directors from 2006 through June 10, 2024, that Mr. Hankin had been a director since 1988 and that on November 26, 2024, Mr. Hankin notified the Board of his decision to resign from the Board effective immediately, and respectfully refer the Court to Semtech's November 27, 2024 Form 8-K for the complete and accurate content and context surrounding Mr. Hankin's resignation. Defendants otherwise deny the allegations in paragraph 105.

106.   Defendants admit that Semtech filed its Form 10-Q for the third quarter of fiscal year 2025 on December 3, 2024, and that Semtech filed a shelf registration statement and prospectus on December 4, 2024. Defendants otherwise deny the allegations in paragraph 106.

107.   Defendants admit that on December 9, 2024, Semtech closed a secondary offering of 10,496,032 shares of its common stock, including the full exercise of the underwriters' option to purchase an additional 1,369,047 shares of Semtech's common stock at a public offering price of $63.00 per share. Defendants further admit that the gross proceeds to the Company, before deducting the underwriting discounts and

commissions and estimated offering expenses payable by the Company, were approximately $661 million. Defendants respectfully refer the Court to the Secondary Offering Documents for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 107.

108. The allegations in paragraph 108 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 108.

109. The allegations in paragraph 109 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 109.

110. The allegations in paragraph 110 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 110.

111. Paragraph 111 characterizes a January 15, 2025 press release from IBM, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 111.

112. The allegations in paragraph 112 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 112.

113. To the extent the allegations in paragraph 113 consist of legal conclusions or argument, no response is required. Defendants otherwise deny the allegations in paragraph 113.

23

114. Paragraph 114 quotes from and characterizes a February 7, 2025 Robert W. Baird & Co. analyst note, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Robert W. Baird & Co. served as an underwriter of Semtech's December 9, 2024 offering and respectfully refer the Court to the Secondary Offering Documents for their complete and accurate content and context. To the extent the allegations in paragraph 114 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 114.

115. To the extent the allegations in paragraph 115 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 115.

116. Paragraph 116 quotes from and characterizes Semtech's February 7, 2025 Form 8-K, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 116.

117. To the extent the allegations in paragraph 117 consist of legal conclusions or argument, no response is required. Defendants otherwise deny the allegations in paragraph 117.

118. To the extent the allegations in paragraph 118 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 118.

119. Paragraph 119 characterizes a February 21, 2025 blog post from Google LLC, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 119.

ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 2:25-CV-01474-MCS-JC

120.   Paragraph 120 characterizes a March 24, 2025 analyst note from Loop Capital, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 120.

121.   The allegations in paragraph 121 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 121.

122.   The allegations in paragraph 122 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 122.

123.   The allegations in paragraph 123 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 123.

124.   The allegations in paragraph 124 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 124.

125.   The allegations in paragraph 125 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 125.

126.   To the extent that the allegations in paragraph 126 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these allegations. Defendants further admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts

25

from such calls. Defendants deny the allegations in paragraph 126 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 126.

127.    To the extent that the allegations in paragraph 127 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these allegations. Defendants otherwise deny the allegations in paragraph 127.

128.    Defendants admit that Mr. Hankin served as chairman of Semtech's Board of Directors from 2006 through June 10, 2024, that Mr. Hankin had been a director since 1988 and that on November 26, 2024, Mr. Hankin notified the Board of his decision to resign from the Board effective immediately, and respectfully refer the Court to Semtech's November 27, 2024 Form 8-K for the complete and accurate content and context surrounding Mr. Hankin's resignation. Defendants further admit that on December 9, 2024, Semtech closed a secondary offering and respectfully refer the Court to the Secondary Offering Documents for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 128.

129.    Defendants admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 129.

130.    The allegations in paragraph 130 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 130.

131.    To the extent that the allegations in paragraph 131 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not

26

required to answer these allegations. Defendants further admit that Semtech held an earnings call on November 25, 2024, and state that third parties provide transcripts from such calls. Defendants deny the allegations in paragraph 131 to the extent the earnings call transcript differs from what was actually said. In all other respects, the transcript speaks for itself. Defendants otherwise deny the allegations in paragraph 131.

132.    The allegations in paragraph 132 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 132.

133.    The allegations in paragraph 133 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 133.

134.    The allegations in paragraph 134 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 134.

135.    The allegations in paragraph 135 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 135.

136.    Paragraph 136 quotes from and characterizes a February 7, 2025 analyst report from Robert W. Baird & Co., which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Robert W. Baird & Co. served as an underwriter of Semtech's December 9, 2024 offering and respectfully refer the Court to the Secondary Offering

Documents for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137.

138. To the extent the allegations in paragraph 138 consist of legal conclusions, no response is required. With respect to the alleged stock price referred to in paragraph 138, Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 138.

139. Paragraph 139 characterizes Semtech's February 7, 2025 press release and Form 8-K, which speak for themselves and to which Defendants respectfully refer the Court for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 139.

140. To the extent that Paragraph 140 quotes from and characterizes Semtech's February 7, 2025 Form 8-K, this document speaks for itself and Defendants respectfully refer the Court to the Form 8-K for its complete and accurate content and context. Paragraph 140 further quotes from and characterizes the Benchmark Company's February 7, 2025 analyst report, which speaks for itself and to which Defendants respectfully refer the Court for their complete and accurate content and context. To the extent the allegations in paragraph 140 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 140.

141. To the extent the allegations in paragraph 141 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 141.

142. Paragraph 142 characterizes a February 21, 2025 press release from Google LLC, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny

the allegations in paragraph 142.

143.   Paragraph 143 quotes from and characterizes an October 1, 2024 blog post from Ming-Chi Kuo, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 143.

144.   Defendants state that Mark Lin was dismissed as a Defendant in this action on October 8, 2025 (Dkt. 72). To the extent the allegations in paragraph 144 are made against Mr. Lin, Defendants are not required to answer these allegations. To the extent the allegations in paragraph 144 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 144.

145.   To the extent the allegations in paragraph 145 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 145.

146.   To the extent the allegations in paragraph 146 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 146.

147.   Paragraph 147 quotes from and characterizes Semtech's June 7, 2024 press release announcing Dr. Hou's appointment as CEO, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Defendants admit that Dr. Hou joined Semtech's Board in June 2023. Defendants admit that Mr. Pickle's employment as CEO ended in June 2024. Defendants otherwise deny the allegations in paragraph 147.

148.   Defendants state that Mark Lin was dismissed as a Defendant in this action on October 8, 2025 (Dkt. 72). To the extent the allegations in paragraph 148 are made against Mr. Lin, Defendants are not required to answer these allegations. To the extent the allegations in paragraph 148 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 148.

149.    Paragraph 149 characterizes Semtech's December 5, 2024 press release, which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. Paragraph 149 characterizes Semtech's December 9, 2024 press release, which speaks for itself and to which Defendants respectfully refer the Court for details regarding Semtech's December 9, 2024 Secondary Offering. Defendants otherwise deny the allegations in paragraph 149.

150.    To the extent the allegations in paragraph 150 consist of legal conclusions, no response is required. Paragraph 150 characterizes Semtech's December 9, 2024 press release, which speaks for itself and to which Defendants respectfully refer the Court for details regarding Semtech's December 9, 2024, Secondary Offering. Defendants otherwise deny the allegations in paragraph 150.

151.    The allegations in paragraph 151 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 151.

152.    The allegations in paragraph 152 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 152.

153.    The allegations in paragraph 153 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 153.

154.    The allegations in paragraph 154 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 154.

155.   The allegations in paragraph 155 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 155.

156.   The allegations in paragraph 156 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 156.

157.   The allegations in paragraph 157 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 157.

158.   The allegations in paragraph 158 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 158.

159.   The allegations in paragraph 159 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 159.

160.   The allegations in paragraph 160 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 160.

161.   The allegations in paragraph 161 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 161.

162.   The allegations in paragraph 162 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 162.

163.   The allegations in paragraph 163 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any further response is required, Defendants deny the allegations in paragraph 163.

164.   To the extent the allegations in paragraph 164 consist of legal conclusions, no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Lead Plaintiff or members of the putative Class suffered losses in connection with any trades of Semtech securities. Defendants deny that Lead Plaintiff or any member of the Putative Class suffered legally cognizable damages in connection with any such trades, and otherwise deny the allegations in paragraph 164.

165.   Paragraph 165 quotes from and characterizes a February 7, 2025 analyst note from Robert W. Baird & Co., which speaks for itself and to which Defendants respectfully refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 165 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 165.

166.   To the extent the allegations in paragraph 166 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Semtech's common stock. Defendants otherwise deny the allegations in paragraph 166.

167.   Paragraph 167 quotes from and characterizes Semtech's February 7, 2025 press release and Form 8-K, which speak for themselves and to which Defendants respectfully refer the Court for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 167.

32

168.   To the extent that Paragraph 168 quotes from and characterizes Semtech's February 7, 2025 Form 8-K, this document speaks for itself and Defendants respectfully refer the Court to the Form 8-K for its complete and accurate content and context. To the extent the allegations in paragraph 168 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 168.

169.   To the extent the allegations in paragraph 169 consist of legal conclusions or argument, no response is required. Defendants otherwise deny the allegations in paragraph 169.

170.   To the extent that Paragraph 170 quotes from and characterizes Semtech's February 7, 2025 Form 8-K, this document speaks for itself and Defendants respectfully refer the Court to the Form 8-K for its complete and accurate content and context. To the extent the allegations in paragraph 170 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 170.

171.   To the extent the allegations in paragraph 171 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 171.

172.   To the extent the allegations in paragraph 172 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 172.

173.   To the extent the allegations in paragraph 173 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 173.

174.   To the extent the allegations in paragraph 174 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 174.

175.    The assertion in paragraph 175 that the market was efficient as to Semtech's common stock is a matter of legal and economic expert opinion and accordingly no response is required at this time. To the extent the allegations in paragraph 175 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 175.

176.    Defendants lack knowledge or information sufficient to form a belief as to whether Lead Plaintiff or any other investors purchased Semtech common stock. Defendants otherwise deny the allegations in paragraph 176.

177.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 177. Defendants otherwise deny the allegations in paragraph 177.

178.    The assertion in paragraph 178 that the market was efficient as to Semtech's common stock is a matter of legal and economic expert opinion and accordingly no response is required at this time. To the extent the allegations in paragraph 178 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 178.

179.    To the extent the allegations in paragraph 179 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 179.

180.    To the extent the allegations in paragraph 180 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 180.

181.    To the extent the allegations in paragraph 181 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 181.

182.    To the extent the allegations in paragraph 182 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 182.

34

183.   To the extent the allegations in paragraph 183 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 183.

184.   To the extent that the allegations in paragraph 184 consist of a definition and characterization of the purported class, no response is required. Defendants deny that the class treatment in the manner set forth and for the time period alleged is appropriate. Defendants otherwise deny the allegations in paragraph 184.

185.   To the extent the allegations in paragraph 185 consist of legal conclusions, no response is required. Defendants deny that the class treatment in the manner set forth and for the time period alleged is appropriate. Defendants otherwise deny the allegations in paragraph 185.

186.   To the extent the allegations in paragraph 186 consist of legal conclusions, no response is required. Defendants deny that the class treatment in the manner set forth and for the time period alleged is appropriate. Defendants otherwise deny the allegations in paragraph 186.

187.   To the extent the allegations in paragraph 187 consist of legal conclusions, no response is required. Defendants deny that this action should be certified as a class action, and deny that they violated the Exchange Act. Defendants otherwise deny the allegations in paragraph 187.

188.   To the extent the allegations in paragraph 188 consist of legal conclusions, no response is required. Defendants deny that this action should be certified as a class action, and deny that they misrepresented or omitted material facts. Defendants otherwise deny the allegations in paragraph 188.

189.   To the extent the allegations in paragraph 189 consist of legal conclusions, no response is required. Defendants deny that this action should be certified as a class action, and deny that they misrepresented or omitted material facts. Defendants otherwise deny the allegations in paragraph 189.

35

190.   To the extent the allegations in paragraph 190 consist of legal conclusions, no response is required. Defendants deny that this action should be certified as a class action, and deny that they knew or recklessly disregarded that any statement was materially false or misleading. Defendants otherwise deny the allegations in paragraph 190.

191.   To the extent the allegations in paragraph 191 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 191.

192.   To the extent the allegations in paragraph 192 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 192.

193.   To the extent the allegations in paragraph 193 consist of legal conclusions, no response is required. Defendants deny that this action should be certified as a class action, and deny that they caused members of the putative class to suffer any damages. Defendants otherwise deny the allegations in paragraph 193.

194.   To the extent the allegations in paragraph 194 consist of legal conclusions, no response is required. Defendants deny that the class treatment in the manner set forth and for the time period alleged is appropriate, and deny that they engaged in any wrongful conduct. Defendants otherwise deny the allegations in paragraph 194.

195.   To the extent the allegations in paragraph 195 consist of legal conclusions, no response is required. Defendants deny that the class treatment in the manner set forth and for the time period alleged is appropriate. Defendants otherwise lacks knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 195 and, therefore, deny those allegations.

196.   To the extent the allegations in paragraph 196 consist of legal conclusions, no response is required. Defendants deny that the class treatment in the

manner set forth and for the time period alleged is appropriate. Defendants otherwise deny the allegations in paragraph 196.

197.   Defendants repeat and reallege each of the answers set forth above as if fully set forth herein.

198.   To the extent the allegations in paragraph 198 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 198.

199.   To the extent the allegations in paragraph 199 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 199.

200.   To the extent the allegations in paragraph 200 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 200.

201.   Defendants repeat and reallege each of the answers set forth above as if fully set forth herein.

202.   Defendants state that Mark Lin was dismissed as a Defendant in this action on October 8, 2025 (Dkt. 72). To the extent the allegations in paragraph 202 are made against Mr. Lin, Defendants are not required to answer these allegations. To the extent the allegations in paragraph 202 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 202.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Lead Plaintiff or any member of the Putative Class is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever. Defendants request that the Court dismiss all claims against Defendants with prejudice and grant such further relief as the Court deems just and proper.

## RESPONSE TO DEMAND FOR JURY DEMAND

Defendants deny the allegations in the jury demand and deny that Lead Plaintiff has any valid claims against them, except admit that Lead Plaintiff purports to demand

37

a jury trial.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without admitting that Lead Plaintiff or any member of the Putative Class has suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the Consolidated Complaint. By designating the following affirmative defenses, Defendants do not waive or limit any defenses raised elsewhere in this Answer. Defendants also do not, by alleging any affirmative defenses, admit that Lead Plaintiff does not bear the burden of proof on any issue for which applicable law places the burden on Lead Plaintiff. These defenses are pleaded in the alternative and without prejudice to Defendants' right to assert additional defenses as discovery progresses. Defendants expressly reserve the right to amend or supplement these defenses as necessary. Where these defenses are based upon actions or omissions of Lead Plaintiff, they apply to the current Lead Plaintiff; if a class is certified in this matter, these defenses apply equally to any members of the Putative Class.

### FIRST DEFENSE
### (Failure to State a Claim)

Lead Plaintiff's Complaint and the purported claims for relief state therein fail to state a claim on which relief can be granted.

### SECOND DEFENSE
### (No False Statement)

Defendants are not liable on the claims alleged by Lead Plaintiff because Defendants made no actionably false or misleading statements or omissions of material fact.

### THIRD DEFENSE
### (No Duty to Disclose)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to disclose to Lead Plaintiff the information allegedly omitted in any

38

statements made by Defendants.

## FOURTH DEFENSE
## (Lack of Scienter)

Defendants are not liable on the claims alleged by Lead Plaintiff because Defendants did not make the challenged statements with the necessary scienter.

## FIFTH DEFENSE
## (Lack of Materiality)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because the statements Lead Plaintiff challenges were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## SIXTH DEFENSE
## (Good Faith)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because Defendants at all times acted in good faith, exercised due diligence, and conducted a reasonable investigation and had a good faith basis and reasonable grounds to believe, and did believe at the time their statements were made, that such statements were true and not misleading, and therefore were made wholly without scienter and without any intent to defraud.

## SEVENTH DEFENSE
## (No Knowledge of Untrue Statement)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants did not know, and in the exercise of reasonable care could not have known, that any statements made by Defendants contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## EIGHTH DEFENSE
## (Reliance)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because

39

Defendants are not liable because the alleged misrepresentations or omissions by Defendants were based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

### NINTH DEFENSE
### (Failure to Plead or Prove Fraud with Particularity)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because Lead Plaintiff cannot plead or prove fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails to properly identify the alleged false or misleading statements of which Lead Plaintiff complains or why those statements were allegedly false.

### TENTH DEFENSE
### (Equitable Defenses)

The claims alleged by Lead Plaintiff are barred, in whole or in part, under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

### ELEVENTH DEFENSE
### (Safe Harbor)

To the extent that the claims alleged by Lead Plaintiff are based on predictions and forward-looking statements, Lead Plaintiff is barred from recovery, in whole or in part, under the bespeaks caution doctrine and/or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and cannot be the basis for liability by virtue of Section 21E of the Securities and Exchange Act of 1934.

### TWELFTH DEFENSE
### (Opinion Statement)

To the extent that the claims alleged by Lead Plaintiff are based on opinion statements, Lead Plaintiff is barred in whole or in part from recovery under the framework set forth in *Omnicare, Inc. v. Laborers District Council*, 135 S. Ct. 1318

(2015).

## THIRTEENTH DEFENSE
### (Lack of Causation)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because any damage, loss, or injury allegedly sustained by Lead Plaintiff was not directly or proximately caused, in whole or in part, by any purported misstatement or omission by Defendants.

The claims alleged by Lead Plaintiff are barred, in whole or in part, because no material misstatement of fact, omission to state a required fact, or omission to state a material fact necessary to make a statement not misleading caused, in whole, in part, or at all, any diminution in the value of the Semtech securities allegedly purchased by Lead Plaintiff.

The claims alleged by Lead Plaintiff are also barred, in whole or in part, because any increase or decrease in the market value of Semtech securities was the result of market factors, superseding or intervening causes, or other factors for which Defendants are not responsible, or acts and/or omissions of other persons or entities for whom Defendants are not responsible, and not from the alleged wrongful conduct on the part of the Defendants.

## FOURTEENTH DEFENSE
### (No Fraud on the Market Presumption)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that (i) the market price of Semtech common stock was not inflated as a result of any alleged misrepresentation or omission made by Defendants; (ii) there was no price impact from the alleged misrepresentations; (iii) the allegedly false or misleading statements asserted in the Complaint were not immediately assimilated into the market; (iv) no efficient market existed for the trading of Semtech common stock; and (v) a "fraud on the market" presumption is not legally or factually proper. The claims alleged by Lead Plaintiff are also barred, in whole or in part, for lack of

41

actual reliance by Lead Plaintiff on any of the alleged misrepresentations or omissions.

### FIFTEENTH DEFENSE
### (Failure to Mitigate Damages)

The claims alleged by Lead Plaintiff are barred, in whole or in part, by the failure of Lead Plaintiff to take appropriate steps to mitigate, reduce, or otherwise avoid its alleged damages.

### SIXTEENTH DEFENSE
### (Assumption of Risk)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

### SEVENTEENTH DEFENSE
### (Offset of Damages)

Defendants are entitled to offset the damages of Lead Plaintiff, if any, by benefits received by Lead Plaintiff through its investments in Semtech, in accordance with the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

### EIGHTEENTH DEFENSE
### (Lack of Standing)

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing, in whole or in part, to assert and maintain them, and the claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing under Article III of the United States Constitution.

### NINETEENTH DEFENSE
### (Independent Investment Decision)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because

Lead Plaintiff relied exclusively upon its own independent investigations, its own decisions, and the advice of its professional investment advisors.

### TWENTIETH DEFENSE
### (No Reliance)

The claims alleged by Lead Plaintiff are barred in whole or in part for lack of reliance by Lead Plaintiff on any allegedly false or misleading statement made by Defendants.

### TWENTY-FIRST DEFENSE
### (Truth on the Market)

The claims alleged by Lead Plaintiff are barred in whole or in part to the extent that the substance of the material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed and/or was otherwise publicly available and in the public domain, and thus was available to Lead Plaintiff, to the market, and to the investing community.

### TWENTY-SECOND DEFENSE
### (No Damages)

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff has suffered no damages.

### TWENTY-THIRD DEFENSE
### (Speculative damages)

Lead Plaintiff's alleged damages, if any, are speculative and thus not recoverable.

### TWENTY-FOURTH DEFENSE
### (Damages Exceed Permitted Amount)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or

43

regulation.

## TWENTY-FIFTH DEFENSE
### (No Equitable Remedies)

Any claim by Lead Plaintiff for equitable relief, including any claim for injunctive relief, is barred because Lead Plaintiff has an adequate remedy at law.

## TWENTY-SIXTH DEFENSE
### (No Costs or Expenses)

Lead Plaintiff is not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

## TWENTY-SEVENTH DEFENSE
### (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)

Defendants cannot be held liable as control persons under Section 20(a) of the Exchange Act because Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

## TWENTY-EIGHTH DEFENSE
### (Improper Class Action – Class Not Ascertainable)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the Putative Class is not ascertainable.

## TWENTY-NINTH DEFENSE
### (Improper Class Action – Lack of Numerosity)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

**THIRTIETH DEFENSE**
**(Improper Class Action – Lack of Commonality)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

**THIRTY-FIRST DEFENSE**
**(Improper Class Action – Lack of Typicality)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

**THIRTY-SECOND DEFENSE**
**(Improper Class Action – Individual Issues Predominate)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because individual issues predominate over issues common to the Putative Class.

**THIRTY-THIRD DEFENSE**
**(Improper Class Action – Irresolvable Conflicts)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because irresolvable conflicts exist within the Putative Class.

**THIRTY-FOURTH DEFENSE**
**(Improper Class Action)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because a class action is not a superior means of adjudication.

**THIRTY-FIFTH DEFENSE**
**(Improper Lead Plaintiff)**

The claims alleged by Lead Plaintiff are not properly maintainable as a class action because Lead Plaintiff is not a proper class representative and will not fairly and adequately protect the interests of the members of the Putative Class.

45

## THIRTY-SIXTH DEFENSE
### (Necessary and Indispensable Parties)

Other parties not named in the Complaint may be necessary and indispensable parties to this action.

## THIRTY-SEVENTH DEFENSE
### (Dismissed Claims)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent Lead Plaintiff's claims were dismissed by the Court on October 8, 2025.

## THIRTY-EIGHTH DEFENSE
### (Additional Defenses, Cross-Claims and Third-Party Claims)

Defendants hereby reserve and reassert all affirmative defenses available under any applicable federal and/or state law.  Defendants reserve the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

WHEREFORE, Defendants respectfully request that the Court dismiss Lead Plaintiff's claims against them, award costs, disbursements, and attorneys' fees to Defendants, and grant such other and further relief that the Court deems just and proper.

Dated:  November 25, 2025                    SIDLEY AUSTIN LLP


By:  */s/ Sara B. Brody*

Sara B. Brody

*Attorneys for Defendants Semtech Corporation, Hong Q. Hou*

46