UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01474-MCS-JC | | Date | December 31, 2025 |
|---|---|---|---|---|
| Title | Colleen Kleovoulos v. Semtech Corporation, et al. | | | |

Present: The Honorable    Jacqueline Chooljian, United States Magistrate Judge

| Connie Chung for Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

none                                                  none

**Proceedings:**          (IN CHAMBERS)

### ORDER DENYING STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION (DOCKET NO. 83)

On December 30, 2024, the parties filed a Proposed Stipulated Order Re: Discovery of Electronically Stored Information ("ESI Stipulation"), governing electronic discovery.  The parties may agree to whatever they want on this topic, but nothing in the rules of which the Court is aware requires it to enter an order on such a stipulation.  The parties have not given any reason why a Court order governing ESI discovery is necessary here rather than an agreement between the parties.  See Fed. R. Civ. P. 34(b)(2)(E); cf. Hastings v. Ford Motor Co., 2021 WL 1238870, at *2-3 (S.D. Cal. Apr. 2, 2021) (explaining why courts should not get involved in mechanics of how parties locate information that must be produced under Fed. R. Civ. P. 34); see also The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1 (2018) ("[A] responding party is best situated to preserve, search, and produce its own ESI.  [This principle] is grounded in reason, common sense, procedural rules, and common law, and is premised on each party fulfilling its discovery obligations without directions, from the court or opposing counsel . . . unless a specific deficiency is shown in a party's production.").

Should one party or another violate some provision of any agreement and the parties are unable to resolve their dispute through the meet-and-confer process, the aggrieved party may file a motion to compel under Local Rules 37-1, et seq.  As with any other agreement among parties concerning discovery, the party contending that responsive documents have not been produced may provide the Court with evidence concerning the agreement, as may the opposing party, and the Court will consider the parties' arguments in ruling on the motion to compel.  Until then, and absent any explanation for why a Court order is needed, the Court need not be involved.  Accordingly, the ESI Stipulation is denied.

IT IS SO ORDERED.