Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025
jake@blockleviton.com

*Counsel for Lead Plaintiff Luis Collazos*
*And Lead Counsel for the Class*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SEMTECH CORPORATION SECURITIES LITIGATION | Master File No.: 2:25-cv-01474-MSC-AYP |
| This Document relates to: | CLASS ACTION |
| ALL ACTIONS | **DECLARATION OF MICHAEL D. GAINES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL ROTH CAPITAL PARTNERS' COMPLIANCE WITH RULE 45 SUBPOENA *DUCES TECUM*** |
| | Judge: Hon. Anna Y. Park |
| | Hearing: March 10, 2026 |
| | Time: 9:30 a.m. |
| | Courtroom: Courtroom 750 |
| | Non-Expert Discovery Cutoff: October 16, 2026 |
| | Pretrial Conference: TBD |
| | Trial: TBD |

DECLARATION OF MICHAEL D. GAINES IN SUPPORT OF
LEAD PLAINTIFFS' MOTION TO COMPEL

I, Michael D. Gaines, declare as follows:

1.    I am an attorney admitted to practice *pro hac vice* before this Court. I am an attorney at Block & Leviton LLP, Lead Counsel for Lead Plaintiff Luis Collazos in the above-captioned action. I make this declaration in support of Lead Plaintiff's Motion to Compel Roth Capital Partners ("Roth") to produce documents in response to Request No. 1 of Lead Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 2, 2025 (the "Subpoena"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    Attached hereto as **Exhibit 1** is true and correct copy of the Subpoena.

3.    Attached hereto as **Exhibit 2** is a true and correct copy of Roth's Objections to the Subpoena, which Roth sent to Lead Plaintiff on December 22, 2025.

4.    Attached hereto as **Exhibit 3** is a true and correct copy of the Court's Order Granting in Part and Denying in Part Motion to Dismiss Consolidated Class Action Complaint, dated October 7, 2025.

5.    Attached hereto as **Exhibit 4** is a true and correct copy of Lead Plaintiff's Consolidated Class Action Complaint for Violation of the Federal Securities Laws, dated July 14, 2025.

6.    Attached hereto as **Exhibit 5** is a true and correct copy of all email correspondence between Lead Counsel and Roth regarding the Subpoena and Lead Plaintiff's Motion to Compel.

7.    Attached hereto as **Exhibit 6** is a true and correct copy of the Scheduling Order setting discovery deadlines, dated January 28, 2026.

8.    After Roth served its objections to the Subpoena on December 22, 2025, Lead Plaintiff met and conferred with Roth on January 5, 2026. During the call, counsel for Roth agreed to produce the analyst research reports sought by Request No. 3 of the Subpoena but refused to search for or produce any documents

responsive to the other three requests. As memorialized in a post-call email, Lead Counsel proposed that if Roth could search for and produce the few, specific documents sought in Request No. 1, then Lead Plaintiff would forego production responsive only to Requests No. 2 and 4. This compromise was intended to minimize the potential burden on Roth.

9.      After about three weeks without response from Roth, Lead Counsel followed up on January 28, 2025 by email, prompting a call from Roth's counsel the next day. The parties held an additional meet and confer on January 29, 2026. During the call, counsel for Roth rejected the compromise, reiterating that Roth refused to produce any documents in response to the remaining three requests. Roth also refused to conduct a search to confirm the existence of responsive documents.

10.      On February 3, 2026, Lead Counsel notified Roth that Lead Plaintiff intended to move to compel Roth's production of documents in response to Request No. 1. Roth's counsel did not respond.

11.      On February 6, 2026, Lead Counsel shared Lead Plaintiff's portions of the Joint Stipulation pursuant to Civil L.R. 37-2 and informed Roth of the relevant requirements of Civil Local Rule 37. Roth's counsel did not respond. As of the time of this filing, Roth's counsel has not responded to any correspondence about this Motion.

12.      As a result of Roth's failure to respond, Lead Counsel states pursuant to L.R. 37-2.4(b) that Roth failed to provide its portion of the joint stipulation in a timely manner under L.R. 37-2.2.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of February 2026.

/s/ *Michael D. Gaines*
Michael D. Gaines

**ATTESTATION**

I hereby attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all other signatories listed above, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized this filing.


Dated: February 17, 2026          /s/ Jacob A. Walker