AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

<span style="color:red">**Exhibit 1**</span>

| | |
|---|---|
| In re Semtech Corporation Securities Litigation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:25-cv-01474-MSC-JC |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Roth Capital Partners, LLC, c/o Richard L. Platt
888 San Clemente Dr. PH, Newport Beach, CA 92660

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A

| Place: Strumwasser & Woocher LLP, c/o Michael Gaines<br>1250 6th Street, Suite 205<br>Santa Monica, CA 90401 | Date and Time:<br><br>01/06/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/02/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Michael D. Gaines |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Lead Plaintiff
Luis Collazos                                                          , who issues or requests this subpoena, are:

Michael Gaines, 260 Franklin St., Suite 1860, Boston, MA 02110, michael@blockleviton.com, (617)398-5600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:25-cv-01474-MSC-JC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00         .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
## TO THIRD-PARTY SUBPOENA TO ROTH CAPITAL PARTNERS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Lead Plaintiff Luis Collazos ("Lead Plaintiff"), by and through his undersigned attorneys, hereby requests that Roth Capital Partners, LLC ("Roth Capital Partners") produce within thirty (30) days of the date of this Subpoena all documents described below in accordance with the following definitions and instructions. Documents shall be produced electronically, or to the law offices of Strumwasser & Woocher LLP, c/o Michael Gaines, 1250 6th Street, Suite 205, Santa Monica, CA 90401.

## **INSTRUCTIONS**

1.      The Requests herein ("Requests") seek the inspection and production of responsive documents in your possession, custody, or control.

2.      These Requests and the instructions herein shall be construed in accordance with Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, the local rules of the issuing court, and all orders entered by the district court overseeing this action.

3.      These Requests shall be deemed continuing in nature to the fullest extent permitted by the Federal Rules of Civil Procedure.

4.      In responding to these Requests, you must strictly follow the requirements of Rule 45 so that Lead Plaintiff can ascertain with specificity:

      a.      the scope and reasons for each stated objection;

      b.      which documents will be withheld on grounds of the stated objections; and

      c.      which documents will be produced notwithstanding such objections.

5.      If you object to any part of a specific request, you shall state fully the nature of the objection. Notwithstanding any objections, you must comply fully with the other parts of the Request to which you do not object.

6.      If you contend any Request, instruction, or definition is ambiguous, you must identify the specific portion or term you deem to be ambiguous, make a good-faith effort to interpret that portion or term, and provide with your responses to these Requests the interpretations you have chosen or used. Objections based on ambiguity may not be used as a basis for refusing to respond to a Request or for refusing to produce documents that are otherwise responsive.

7.      In responding to these Requests, you are required to provide a privilege and redaction log. If only part of a document is subject to an asserted privilege, you must produce the document in redacted form which redacts only the part(s) of the document that you claim is subject to an asserted privilege. *See* Fed. R. Civ. P. 34(b)(2)(C).

## **DEFINITIONS**

1.      "Action" refers to the litigation captioned *In re Semtech Corporation Securities Litigation,* No. 2:25-cv-01474-MCS-JC (C.D. Cal.).

2.      The "Relevant Period" is from June 1, 2024 through February 15, 2025.

3.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

4.      "Transcript" refers to any written, printed, or electronic record that purports to capture, memorialize, or reflect verbatim or substantially verbatim statements, discussions, or exchanges between two or more persons, including but not limited to conversations, meetings, interviews, conference calls, analyst calls, or other communications, whether prepared by a participant, third party, transcription service, or otherwise, and whether or not later summarized, quoted, or described in any report, publication, or document.

5.      "Document" is used in the broadest possible meaning under Rules 26 and 34(a) of the Federal Rules of Civil Procedure and includes any document that is now or was at any time in your possession custody, or control.

6.      "Communication" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means.

7.      "Analyst report" refers to any written or electronic report, memorandum, note, summary, or other document prepared by You that contains analysis, commentary, forecasts, opinions, or recommendations concerning a company, its securities, or its industry sector.

8.      "You" and "Your" means Roth Capital Partners and all other persons acting or purporting to act on Roth Capital Partner's behalf, including, employees, representatives, agents, or other persons purporting to act on Roth Capital Partner's behalf.

9.      "Semtech" shall mean Semtech Corporation, or any of its direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, and all other persons acting or purporting to act on its behalf.

10.     Hong Q. Hou is the President and Chief Executive Officer of Semtech and named defendant in this action.

11.     Mark Lin is the Chief Financial Officer of Semtech.

12.     "CES" is the annual trade show organized by the Consumer Technology Association (CTA) and held January 7-10, 2025 at the Las Vegas Convention Center in Winchester, Nevada.

**DOCUMENTS REQUESTED**

**REQUEST FOR PRODUCTION NO. 1**:

All transcripts of, notes reflecting, and recordings of communications between You and Semtech that took place at CES, and that were subsequently summarized in Your January 11, 2025 report titled "*SMTC: CES Underscores Data Center Strength With ACC and LPOs on Track.*"

**REQUEST FOR PRODUCTION NO. 2**:

All documents and communications concerning CES during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 3**:

All analyst reports You published (including, but not limited to, those authored by Scott W. Searle) discussing Semtech during the Relevant Period.

 **REQUEST FOR PRODUCTION NO. 4**:

All communications You (including, but not limited to, Scott W. Searle) sent to or received from Semtech, concerning active copper cables, Semtech's CopperEdge product, and Nvidia during the Relevant Period.