**ROTH**

<span style="color:red">Exhibit 2</span>

## GENERAL OBJECTIONS OF NON-PARTY ROTH CAPITAL PARTNERS, LLC

Non-Party Roth Capital Partners, LLC ("Roth"), by and through its undersigned counsel, hereby asserts the following General Objections to the Subpoena Duces Tecum served by Strumwasser & Woocher LLP in the In re Semtech Corporation Securities Litigation. These General Objections are asserted without prejudice to, and in addition to, any specific objections that may be asserted in response to particular document requests.

### 1. Rule 45 and Rule 26 Objections

Roth objects to the Subpoena to the extent it exceeds the permissible scope of discovery under Federal Rules of Civil Procedure 26(b)(1) and 45(d), including requests that are not relevant to any party's claim or defense, are not proportional to the needs of the case, or impose undue burden or expense on a non-party.

### 2. Undue Burden and Expense on a Non-Party

Roth objects to the Subpoena because it imposes an undue burden and expense on a non-party, in violation of Rule 45(d)(1). The issuing party has not taken reasonable steps to avoid imposing undue burden or cost, including by seeking discovery from parties to the action before burdening a third party.

### 3. Overbreadth and Lack of Particularity

Roth objects to the Subpoena to the extent it is overbroad, not reasonably particularized, or seeks documents beyond a reasonable temporal, subject-matter, or custodial scope.

### 4. Relevance

Roth objects to the Subpoena to the extent it seeks documents or information that are irrelevant to the claims or defenses in this action, or that pertain to issues collateral to the alleged securities violations.

### 5. Proportionality

Roth objects to the Subpoena to the extent the discovery sought is not proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, and the burden on a non-party.

**Roth Capital Partners, LLC**
888 San Clemente Drive, Newport Beach, CA 92660 | **Main:** 800-678-9147 | **Trading:** 203-861-9060 | **www.roth.com** | Member SIPC/FINRA

## 6. Confidential, Proprietary, and Commercially Sensitive Information

Roth objects to the Subpoena to the extent it seeks documents or information that are confidential, proprietary, competitively sensitive, trade secrets, or otherwise protected commercial information, including but not limited to internal business strategies, analyses, pricing, client information, or non-public financial data.

## 7. Privilege and Work Product

Roth objects to the Subpoena to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Any inadvertent production of privileged material shall not constitute a waiver.

## 8. Securities Law and Regulatory Privileges

Roth objects to the Subpoena to the extent it seeks documents protected by applicable securities-law or regulatory privileges or confidentiality obligations, including materials related to regulatory examinations, investigations, or communications with governmental or self-regulatory authorities.

## 9. Privacy and Data Protection

Roth objects to the Subpoena to the extent it seeks documents containing personal, private, or sensitive information of individuals or entities, including personal identifying information, the disclosure of which is restricted by privacy laws, regulations, or contractual obligations.

## 10. Publicly Available or Equally Accessible Information

Roth objects to the Subpoena to the extent it seeks documents that are publicly available or equally accessible to the requesting party, including SEC filings, press releases, or other public disclosures.

## 11. Duplicative Discovery

Roth objects to the Subpoena to the extent it seeks documents that are duplicative of discovery obtainable from the parties to the litigation, particularly the defendants.

## 12. Temporal Scope

Roth objects to the Subpoena to the extent it seeks documents outside a reasonable and relevant time period.

## 13. Vague and Ambiguous Terms

Roth objects to the Subpoena to the extent it uses vague, ambiguous, or undefined terms, or fails to specify the form or manner of production with reasonable particularity.

## 14. Electronic Discovery Burdens

Roth objects to the Subpoena to the extent it seeks electronically stored information ("ESI") in formats or from sources that are not reasonably accessible, including backup systems, archived data, or legacy systems, without a showing of good cause.

## 15. Reservation of Rights

Roth reserves the right to supplement, amend, or modify these objections and to assert additional objections as appropriate, including in response to any motion to compel.

## SPECIFIC OBJECTIONS OF ROTH

In the ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT [ECF No.54], the District Court granted Defendant's Motion to Dismiss with respect to "Statement 7". That statement constituted the sole nexus between Roth and the subject matter of this litigation. As a result, the Subpoena seeks information from a third party (Roth) relating to information that has already been dismissed from the case.

Very truly yours,

Richard L. Platt
General Counsel

Page **3** of **3**